## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISON

| | | |
|---|---|---|
| JENNILYN SALINAS, LINDSEY NGUYEN, DEANNA LORRAINE, et al. | § § § § | |
| Plaintiffs. | § § | |
| v. | § § | CIVIL ACTION NO. 6:21-CV-162 |
| NANCY PELOSI, MITCH McCONNELL, CHUCK SCHUMER, MARK ZUCKERBERG, et al. | § § § § | |
| Defendants. | § | JURY TRIAL REQUESTED |

### PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO SERVE SUMMONS

COME NOW, Jennilyn Salinas, Lindsey Nguyen, "P.P.," "D.D.," "T.M.," "S.M.," and "M.L." (collectively, "Plaintiffs"), by and through their attorney, Paul M. Davis, to bring this Motion for Extension of Time to Serve Summons pursuant to Fed. R. Civ. P. 4(m) and in support thereof, respectfully represent the following:

### A. BACKGROUND

1.  Plaintiffs filed this action on February 22, 2021 against 643 Defendants. Since that time, Plaintiffs have diligently worked to accomplish the arduous task of service of the summons and complaint on all Defendants.

2.  At the time of this Motion, Plaintiffs' process server will have attempted service by certified mail on 480 Defendants and has received confirmation of service for 364 Defendants.

3.      May 24, 2021 will mark ninety days since filing of Plaintiffs original complaint.  As of May 24, 2021, Plaintiffs' process server will have attempted service by certified mail on all 643 Defendants.

## B. ARGUMENT AND AUTHORITY

4.      Given the vast number of Defendants, it is reasonable to assume that attempted service by certified mail will fail with regard to one or more Defendants. Evasion of service by some may also be a possibility, and increased security on Capitol Hill has prevented hand delivery of the summons and complaint to the congressional Defendants.

5.      Rule 4(m) provides, "[I]f the plaintiff shows good cause for failure to serve a defendant within 90 days after the complaint is filed, the court *must* extend the time for service for an appropriate period.  Fed. R. Civ. P. 4(m) (emphasis added). Given that the complaint was filed on February 22, 2021, the expiration of 90 days falls on Monday, May 24, 2021.

6.      Here, Plaintiffs show good cause for extension of the deadline for service pursuant to Rule 4(m).  First, the task of serving 643 defendants with process for Plaintiffs has been a heavy burden that required over 60,000 pages to be printed and mailed out by certified mail.  To their credit, Plaintiffs have diligently advocated their cause against Defendants publicly to raise awareness of the egregious violations of civil rights set forth in the complaint.  As awareness of this action has spread, a vast swath of middle class Americans have responded with support that is ever-increasing and have been requesting to join the putative class, once certified.

7.      While it is possible that Plaintiffs will receive returns of service for all 643 Defendants showing that service was accomplished within the 90-day period, it is far more likely that some Defendants will not have received copies of the complaint and summons inside the 90 day deadline for reasons outside of Plaintiffs' control such as extended absence from the place of service, human error in the delivery process, state procedures for public officials that complicate service by certified mail, or even attempts to resist service by some Defendants.   Accordingly, Plaintiffs will need additional time to secure alternative means of service for some Defendants, and may need to bring motions for alternative service methods allowed under Tex. R. Civ. P. 106(b).[1]

8.      It should also be noted Plaintiffs had hoped to accomplish service of process by hand delivery to congressional offices in Washington, D.C. But, due to increased security measures in 2021, Capitol Police informed Plaintiffs that this method would require express approval from each member of Congress for entry into the congressional office buildings, which rendered such method impracticable.

9.      The Fifth Circuit has held proof of good cause for extension of time to effect service requires a "showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).

10.     Plaintiffs herculean efforts attempt service by certified mail on all 643 Defendants inside the 90-day period for service by printing and mailing over 60,000

---

[1] Plaintiffs are serving process under Texas rules pursuant to FRCP 4(e)(1).

pages of complaints and summons certainly demonstrates a good faith effort. Indeed, it was difficult to locate a process server who was willing to accomplish this task. The sheer magnitude of serving 643 Defendants should suffice as a reasonable basis for enlargement of the 90-day period. The additional fact that the congressional Defendants' own actions in increasing security measures to make it impracticable to effect hand delivery service to those Defendants presents additional reasonable basis. There may also be currently unknown procedures in place at the state level that may prevent effective service by certified mail within the 90-day period.

**WHEREFORE**, Plaintiffs pray the Court grant Plaintiffs an additional 30 days to attempt service of the complaint and summons on all Defendants and grant all other relief to Plaintiffs to which they may be justly entitled.

Respectfully submitted this May 20, 2021.

/s/ *Paul M. Davis*
Paul M. Davis
Texas Bar Number 24078401
paul@fireduptxlawyer.com
PAUL M. DAVIS & ASSOCIATES, P.C.
3245 Main St., Suite 235-377
Frisco, TX 75034
Phone: 469-850-2930

ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I certify that I have served the foregoing motion on all counsel of record who have made appearances in this action to date via the court's ECF notification system.

/s/ *Paul M. Davis*
Paul M. Davis