# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISON

| | | |
|---|---|---|
| JENNILYN SALINAS, LINDSEY NGUYEN, DEANNA LORRAINE, et al. | § § § § | |
| Plaintiffs. | § § | |
| v. | § | CIVIL ACTION NO. 6:21-CV-162 |
| NANCY PELOSI, MITCH McCONNELL, CHUCK SCHUMER, MARK ZUCKERBERG, et al. | § § § § § | |
| Defendants. | § | |

## PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT
## AGAINST DEFENDANT JACK DORSEY

Plaintiffs Jennilyn Salinas, Lindsey Nguyen, "P.P.," "D.D.," "T.M.," "S.M.," and "M.L." (collectively, "Plaintiffs"), by and through their attorney, Paul M. Davis, request the court clerk to enter a default against Defendant Jack Dorsey ("Defendant"), as authorized by Fed. R. Civ. P. 55(a).

### A. INTRODUCTION

1.  On February 22, 2021, Plaintiffs sued Defendant for conspiring with state officials to deprive of civil rights under 42 U.S.C. § 1983 and for conspiracy to deprive of civil rights under 42 U.S.C. § 1985.

2.  Plaintiffs filed their First Amended Complaint (the "Complaint") on March 24, 2021 and served Defendant with a summons and the Complaint by U.S. Certified Mail, Return Receipt Requested, which was accepted by Defendant on April

26, 2021. A copy of the Service Affidavit and Return of Service is attached as **Exhibit A.**

### B. ARGUMENT AND AUTHORITY

3. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

4. The clerk must enter a default against Defendant because Defendant did not file a responsive pleading within twenty-one days after April 27, 2021, the date of service. *See* Fed. R. Civ. P. 12(a)(1)(A)(i), 55(a).

5. The clerk must enter a default against Defendant because Defendant did not otherwise defend the suit. Fed. R. Civ. P. 55(a).

6. Plaintiff meets the procedural requirements for obtaining an entry of default from the clerk as demonstrated by the sworn affidavit, attached as **Exhibit B.**

7. Because Defendant did not file a responsive pleading or otherwise defend the suit, Defendant is not entitled to notice of entry of default. *See* Fed. R. Civ. P. 55(a); *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 512 (9th Cir. 1986); *see generally Pichardo v. Lucky Cousins Trucking, Inc.*, 5-16-CV-01248-RBF, 2019 WL 1572936, at *2, n.1 (W.D. Tex. Apr. 10, 2019) (notice not required prior to entry of default).

**WHEREFORE**, Plaintiffs request that the court clerk enter a default against Defendant Jack Dorsey in favor of Plaintiffs.

Respectfully submitted this May 27, 2021.

/s/ *Paul M. Davis*
Paul M. Davis
Texas Bar Number 24078401
paul@fireduptxlawyer.com
PAUL M. DAVIS & ASSOCIATES, P.C.
5720 Frisco Square Blvd., # 2066
Frisco, TX 75034
Phone: 469-850-2930

ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I certify that I have served the foregoing motion on all counsel of record who have made appearances in this action to date via the court's ECF notification system on May 27, 2021.

/s/ *Paul M. Davis*
Paul M. Davis