**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **Jennilyn Salinas, et al.,** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **vs.** | § | **NO. 6:21-CV-162** |
| | § | |
| **Nancy Pelosi, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**DSCC AND DCCC'S OPPOSED MOTION TO SET ASIDE ENTRY**
**OF DEFAULT AND BRIEF IN SUPPORT**

## INTRODUCTION

Plaintiffs never properly served Defendants DSCC and DCCC (the "Committees") with this lawsuit, as required by Federal Rule of Civil Procedure 4(h)(1). Despite this fundamental failure, Plaintiffs successfully moved for an entry of default against the Committees on May 28 (ECF Nos. 123, 124). For several reasons, the entry of default is in error and the Court should set it aside.

*First*, Plaintiffs' failure to properly serve the Committees is sufficient on its own to show "good cause" to set aside the entry of default. Fed. R. Civ. P. 55(c) (entries of default may be set aside for "good cause"). *Second*, the Committees have not willfully defaulted—had they been properly served, they would have moved to dismiss the case. This is evidenced by the Committees' *third* reason for setting aside the default: The Committees acted as expeditiously as possible in responding to the entry of default. The Committees became aware of the clerk's order on May 28 and filed this motion to set it aside the next business day. *Fourth*, setting aside this default will not prejudice Plaintiffs. This lawsuit is an extension of one previously filed months earlier in this court, which was dismissed shortly after the court expressed skepticism with its viability. There is no present urgency, and the relief Plaintiffs seek—overturning the 2020 election results—is not a remedy that can properly be granted. *Finally*, denying this motion and entering a default judgment against the Committees is not in the public's interest. Plaintiffs' lawsuit is a continuation of the litigation against the 2020 election, all of which has been found to be meritless. The same is true of this case, which Plaintiffs lack standing to pursue, but even if they had standing, the Complaint fails to state a claim upon which relief may be granted. There is no benefit to the public (and only grave detriment) to be had by resolving this case as a matter of default, rather than considering Plaintiffs' claims on their face in the proper course, in which the Committees plan to do if permitted to respond.

## STATEMENT OF FACTS

Plaintiffs, residents of various states, filed this lawsuit on February 22, 2021, suing all members of Congress, prominent CEOs, state officials from all 50 states, the Committees, and the Republican National Committee. ECF No. 1. Plaintiffs appear to have never attempted to serve any of the Defendants. Instead, they proceeded to amend the complaint on March 24, substituting out several plaintiffs and replacing the lead plaintiff. ECF No. 24. The lawsuit describes a purported conspiracy by wealthy elites to rig the 2020 general election and seeks a new election and monetary damages. *Id*. at 2. Plaintiffs also seek to certify a class of injured parties totaling 328 million—essentially *all* Americans. *Id*. A few days after filing their original Complaint, Plaintiffs filed a motion for temporary restraining order, which remains pending. ECF No. 5.

There has been no substantive motions practice beyond that initial motion by the Plaintiffs, and only ten of the almost 635 Defendants have either appeared through counsel or otherwise engaged in the litigation. Of those who have appeared, Ohio Governor Mike DeWine, Ohio Secretary of State Frank LaRose, Georgia Governor Brian Kemp, and Georgia Secretary of State Brad Raffensperger have filed motions to dismiss, which make a plethora of arguments as to why this case should not go forward, including that the Court lacks jurisdiction because Plaintiffs lack standing and their claims are moot, and that they fail to state a claim for which relief may be granted. *See* ECF Nos. 88, 113. Oklahoma Governor Kevin Stitt, Nebraska Governor Pete Ricketts, Pennsylvania Governor Tom Wolf, Acting Secretary of the Commonwealth of Pennsylvania Veronica Degraffenreid, Michigan Governor Gretchen Whitmer, and Michigan Secretary of State Jocelyn Benson have each requested and been granted extensions into July 2021 to file any responsive pleading to the Complaint.

In other words, this case is at its very nascent stages, the Defendants who have appeared make strong arguments as to why the Court lacks jurisdiction to even consider the matter and the

case should be dismissed from the outset. Moreover, the relief that Plaintiffs seek could not be obtained from anyone, much less the Committees, which clearly lack the power to overturn the 2020 election.

Plaintiffs are represented by Paul M. Davis, who has been involved in several unsuccessful post-election lawsuits seeking to undo the results of the 2020 general election. The current case is a continuation of Davis's *Latinos for Trump v. Sessions* lawsuit filed in this Court in January. *See* Voluntary Dismissal, *Latinos for Trump v. Sessions*, No. 6:21-CV-00043 (W.D. Tex. Feb. 19, 2021) (ECF No. 17). No defendants were served in that case at the time Davis withdrew, *id.*, and the court had already expressed skepticism regarding the lawsuit's viability, Order to Show Cause, *Latinos for Trump v. Sessions*, No. 6:21-CV-00043 (W.D. Tex. Jan. 27, 2021) (ECF No. 11).

From the time that this case was filed and for three months thereafter, there was no indication that Plaintiffs were even attempting to serve the Committees (or any other named Defendant). Then, suddenly, on May 24, May 25, and May 26, Mr. Davis made a flurry of filings that he identified as returned and executed summons. Among these were documents that Mr. Davis contends demonstrate that the Committees were served on April 30. ECF Nos. 118, 119. But the Committees never received the summons. Mr. Davis's own filings may explain why.

Both summons to the Committees were directed, not to the Committees' own addresses, but to CT Corporation System, at an address of 1999 Bryan St. Suite 900, Dallas, Texas 75201-3136. ECF Nos. 16, 17. CT Corporation System is not authorized to accept service for Defendant DSCC in Texas at all. Wright Decl. ¶ 4. Thus, it is unclear why Mr. Davis requested that the summons for that Committee be printed "care of" CT Corporation System or to that address at all. While it is the case that CT Corporation System is authorized to serve as Defendant DCCC's

registered agent in Texas, DCCC never received notification from CT Corporation System that it had received a summons for it in this case. Newman Decl. ¶ 3.

And, from the face of the documentation that Mr. Davis submitted, there is good reason to believe that it never actually got to CT Corporation System. For unknown reasons, the affidavit of service and attached documentation from the U.S. Postal Service that Mr. Davis submitted to the Court purporting to demonstrate that he had served both Committees evidences that the summons was sent *not* to the address for CT Corporation System that was on the face of the summons, but to an unidentified PO Box in Dallas. *See* ECF No. 105 at 6, 8. And in both cases, both the signature and address of the recipient who received the materials are entirely illegible. *Id*. at 6, 8. And the Amended Complaints were never retrieved from the unidentified P.O. Boxes. Brailey Decl., Exs. A, B (U.S. Postal Service's online tracking tool indicates the envelopes arrived but were not retrieved).

Immediately or shortly after they filed the notice of executed summons with the Court, they moved to enter default against the Committees, which the Clerk entered on May 28 (ECF Nos. 123, 124). Counsel for the Committees conferred with Plaintiffs' counsel to resolve these issues, but Plaintiffs' counsel was not amenable to resolution. The Committees now respectfully move the Court to set aside the default.

## ARGUMENT

Under Rule 55(c), the "court may set aside an entry of default for good cause." When determining whether to set aside a default, courts consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Lacy v. Sitel Corp*., 227 F.3d 290, 292 (5th Cir. 2000). The court may also consider whether "the public interest was implicated" or whether the "defendant acted expeditiously to correct the default." *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992). Defaults are

"generally disfavored in the law" and "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy*, 227 F.3d at 292 (citing *Mason & Hanger—Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)).

Good cause exists to set aside the default against the Committees on several independent grounds, including that Plaintiffs never perfected service. Rule 4 of the Federal Rules of Civil Procedure governs service of process. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999) ("Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment."). Under Rule 4(m), a plaintiff must properly serve each defendant within ninety days of filing a complaint. *See* Fed. R. Civ. P. 4(m). The Committees must be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(e)(1), 4(h)(1)(B). Under state law, Plaintiffs could have served the Committees by:

> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
>
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.

Tex. R. Civ. P. 106(a).

Plaintiffs did neither. According to the docket, there are two summons issued and two summons returned for the Committees. ECF Nos. 16, 17, 105 at 5-8. The issued summons are addressed to CT Corporation System in Dallas, Texas. ECF Nos. 16, 17. But according to the

purportedly returned summons, Plaintiffs mailed the summons by certified mail to two unidentified P.O. Boxes in Dallas, Texas. ECF No. 105 at 5-8. It appears that the envelopes were signed for, but the signatures are illegible and the Committees never received notification of anyone receiving any summons on their behalf in this case. *Id*. at 6, 8; *see also* Wright Decl. ¶ 4; Newman Decl. ¶ 3. There is certainly no evidence that a registered agent of the Committees accepted this service. It is more likely that a U.S. Postal Service employee unaffiliated with the Committees signed for the envelopes as they arrived at the post office. U.S. Postal Service's tracking system shows that, though the envelopes were delivered to P.O. Boxes, the envelopes were never retrieved. Brailey Decl., Exs. A, B.

Neither Committee has an office in Texas and neither Committee accepts service at an unidentified P.O. Box in Dallas. Wright Decl. ¶¶ 3, 5; Newman Decl. ¶¶ 3, 5. It is not clear to whom these P.O. Boxes belong and why Plaintiffs mailed the summons to them when the issued summons themselves had physical addresses. ECF Nos. 16, 17 (addressing summons to CT Corporation System). Even so, the address on the summons purportedly issued to DSCC—directed to CT Corporation System—is not the correct addresses for DSCC's registered agent of service in Texas. Wright Decl. ¶ 4. Thus, Plaintiffs did not even properly identify the correct agents for service for both Committees, much less successfully serve any registered agent for the Committees, and therefore the Committees had no proper notice of this lawsuit before the entry of default was entered.

Beyond Plaintiffs' failure to effect service, the Committees have met their burden to show good cause for the Court to set aside the default. The Committees' default was not willful because they never received proper notice of this lawsuit. Once the Committees learned of the default on May 28, they filed this motion as expeditiously as possible. In any case, these facts alone would

be more than sufficient to require the vacation of the entry of default. In this case specifically, where the Plaintiffs seek nothing less than the reversal of the decision of the American people in the last prior presidential election, and where, as the Governors and Secretaries of State of Ohio and Georgia have already argued in their pending motions to dismiss, the Court lacks jurisdiction to even hear the matter, and Plaintiffs have further failed to plead any cognizable claim, public policy and the public interest independently weigh heavily in favor of vacation of the entry of default. Considering the nature of the underlying lawsuit, which the Committees are ready to dispute in a motion to dismiss if permitted by the Court, setting this default aside has no bearing on Plaintiffs. There is no path to undoing the 2020 general election, which is the relief Plaintiffs seek. This matter is in its infancy, hundreds of Defendants have not yet responded to the Complaint, and the Committees should similarly be permitted to defend against the claims made against them in this litigation.

## CONCLUSION

Based on the foregoing and pursuant to Rule 55(c), the Committees respectfully request that the Court set aside the entries of default. ECF Nos. 123, 124.

Dated:  June 1, 2021                              Respectfully submitted,


                                                  /s/ *John R. Hardin*
                                                  _____

                                                  John R. Hardin
                                                  TX State Bar No. 24012784
                                                  PERKINS COIE LLP
                                                  500 N. Akard St., Suite 3300
                                                  Dallas, TX 75201
                                                  Telephone: (214) 965-7700
                                                  Facsimile: (214) 965-7793
                                                  JohnHardin@perkinscoie.com

                                                  Elisabeth C. Frost*
                                                  Emily R. Brailey*
                                                  EFrost@perkinscoie.com
                                                  EBrailey@perkinscoie.com
                                                  Perkins Coie LLP
                                                  700 Thirteenth Street, N.W., Suite 800
                                                  Washington, D.C.  20005-3960

                                                  ATTORNEYS FOR DEFENDANTS
                                                  DCCC, DSCC

                                                  **Pro hac vice applications forthcoming*


## Certificate of Conference

The undersigned certifies that on June 1, 2021, attorneys for the Committees conferred with counsel for Plaintiffs regarding the relief sought herein. Plaintiffs' counsel is opposed to the relief sought herein.

                                   /s/ *John R. Hardin*
                                   _____
                                   John R. Hardin

## Certificate of Service

A true and correct copy of this Motion was served on all parties through the court's e-filing system.

                                   /s/ *John R. Hardin*
                                   _____
                                   John R. Hardin