IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JENNY SALINAS, et al.,<br><br>  *Plaintiffs*,<br>  v.<br><br>NANCY PELOSI, et al.,<br><br>  *Defendants*. | Case No. 6:21-cv-00162-ADA-JCM |

# DEFENDANT MARK ZUCKERBERG'S OPPOSED MOTION
# TO SET ASIDE ENTRY OF DEFAULT

Defendant Mark Zuckerberg ("Zuckerberg" or "Defendant") respectfully requests that the Court set aside the entry of default against him dated May 28, 2021. Zuckerberg was not properly served with the Complaint under Federal Rule of Civil Procedure 4(e) or applicable state law. In any event, "good cause" exists to set aside the entry of default under Federal Rule of Civil Procedure 55(c). Zuckerberg has not willfully defaulted, Plaintiffs will suffer no prejudice from an order setting aside the default at this early stage of the proceedings, and Zuckerberg has numerous meritorious defenses as evidenced by the federal courts' uniform rejection of claims identical to those brought by Plaintiffs.[1]

## BACKGROUND

Plaintiffs filed their initial complaint on February 22, 2021, ECF No. 1 (Compl.), and amended their complaint on March 24, 2021, ECF No. 24 (Am. Compl.). They seek a "new, constitutional federal election," claiming that the 2020 "federal election process" was "unconstitutional." ¶¶ 1, 2. The Amended Complaint names as defendants every member of Congress, the governor of every state, various state election officials, the President and Vice President of the United States, several business leaders, and both Democratic and Republican campaign committees, and alleges that all defendants jointly participated in a "cabal" and "conspiracy" to violate the rights of every American. *Id*. ¶ 6. As relief, Plaintiffs ask for a new election and to bar every named elected official from ever seeking office again. *Id.*, Prayer for Relief. As to Zuckerberg, Plaintiffs take issue with various grants they allege he made to support election integrity, *id*. ¶¶ 2, 30, 84, as well as Facebook's conduct with respect to Plaintiffs' social media accounts, including conduct related to the January 6, 2021 attack on the U.S. Capitol, *id*.

---

[1] Pursuant to Local Rule CV-7(i), counsel for Defendant contacted counsel for Plaintiffs by phone regarding the relief requested in this motion. Plaintiffs' counsel advised counsel for Defendant that he was opposed to the motion without stating a reason.

1

¶¶ 99-100, 102.

On May 5, 2021, Plaintiffs moved to extend the deadline to serve process, suggesting that it was "reasonable to assume" that service would "fail with regard to one or more Defendants." ECF No. 82 at 2. On May 24, 2021, Plaintiffs filed a returned summons on the docket, suggesting that Zuckerberg had been served by certified mail, and that his answer had been due six days earlier. ECF No. 91. Along with this filing, Plaintiffs appended a return receipt, addressed to Facebook's headquarters at 1 Hacker Way in Menlo Park, California. *Id.* at 2. The signature on the return receipt is largely illegible, but is clearly not Zuckerberg's. *Id.*

Plaintiffs then moved for an entry of default against Zuckerberg, Jack Dorsey, the Democratic Congressional Campaign Committee, the Democratic Senatorial Campaign Committee, and the Republican National Committee. ECF Nos. 116-120. The clerk entered default against all those individuals and entities on May 28, 2021. ECF Nos. 121-25.

**ARGUMENT**

As explained in more detail below, the entry of default against Zuckerberg should be set aside because (1) he was not properly served under Texas, California or federal law, which renders the entry of default void; and (2) good cause exists to set aside the default under Rule 55(c) because Zuckerberg's failure to respond was not willful, Plaintiffs suffer no prejudice by setting aside the default, and Zuckerberg has meritorious defenses, which have been accepted by courts across the country and support dismissal of Plaintiffs' claims.

**I.      The Entry of Default Is Void And Must Be Set Aside Because Defendant Has Not Been Properly Served.**

It is "axiomatic" that, for a court to have personal jurisdiction over a defendant, "there must be valid service of process." *Attwell v. LaSalle Nat. Bank*, 607 F.2d 1157, 1159 (5th Cir. 1979). "If a court lacks jurisdiction over the parties because of insufficient service of process, the

2

judgment is void and the district court must set it aside." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1345 (5th Cir. 1992). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Id.* at 1346.

Under Federal Rule of Civil Procedure 4(e), Plaintiffs have three available avenues for serving an individual defendant: (1) service under the law of the state where the district court is located (Texas), (2) service under the law of the state where service was attempted (California), or (3) service under the methods prescribed by Rule 4(e)(2). According to Plaintiffs' motion for entry of default, Plaintiffs served Zuckerberg "by U.S. Certified Mail, Return Receipt Requested, which was accepted by Defendant." ECF No. 116 at 1. To support this assertion, Plaintiffs attach a return receipt of the summons, which purports to show service at 1 Hacker Way—Facebook's business address—based on an illegible signature that is unequivocally *not* Zuckerberg's. ECF No. 116-1 at 2. This method of service is clearly improper. Neither Texas law, California law, nor the methods set out in Rule 4(e)(2) permit personal service by certified mail with a return receipt signed by someone other than the defendant, which is what Plaintiffs attempted to do here.

    A.    *Service Is Deficient Under Texas Law.*

Plaintiffs' affidavit suggests that service was proper under the Texas Rules of Civil Procedure. ECF No. 116-1 at 1. That is not the case. Although Texas allows personal service by certified mail addressed to the defendant, *see* Tex. R. Civ. P. 106(a)(2), those rules require that the return receipt "*must* also contain . . . the *addressee's* signature," Tex. R. Civ. P. 107(c) (emphases added). For this reason, when "service was addressed to the defendant[] personally, but [his] signature[] does not appear on the return receipt[]," the "attempted service was deficient." *Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010). The law on this point is often repeated and unequivocal. *See, e.g.*, *Fields v. SDH Servs. E., LLC*, No. 4:18-CV-01438, 2019 WL 1098369, at *2 (S.D. Tex. Mar. 7, 2019) ("Rule 107(c) provides that effective service by certified mail requires

3

proof of the signature of the addressee on the return receipt. . . . Failure to obtain the addressee's signature on the return receipt renders the return fatally defective."); *Hawbecker v. Hall*, 88 F. Supp. 3d 723, 726 (W.D. Tex. 2015) ("Because the name of the individual served does not match the name of the Defendant, the return of service is defective and is insufficient to support entry of default."). Courts in this jurisdiction have not hesitated to set aside an entry of default when, as here, an individual defendant was purportedly served by certified mail but the signature on the return receipt does not belong to the defendant. *E.g.*, *id.* at 726. Because Texas requires "strict compliance with requirements for service," Plaintiffs' deficient attempt at service is fatally flawed and the entry of default should be set aside. *Id.* (citing *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994)).

  **B.** *Service Is Deficient Under California Law and Does Not Comply With Fed. R. Civ. P. 4(e)(2).*

Plaintiffs do not allege that Zuckerberg was properly served under California law or under Rule 4(e)(2). *See* ECF No. 116-1 at 1. Nor could they, as neither California law nor Rule 4 permits service by certified mail alone to a defendant's place of business, whether or not the return receipt was signed by the defendant.

Although California law allows service at a "place of business," the summons must be brought to the defendant's workplace, left with a "person apparently in charge," *and* "thereafter" mailed by first class mail. CAL. R. CIV. P. 415.20(b). There is no evidence that Plaintiffs met any of these requirements. Moreover, California law permits service at a place of business *only if* "personally deliver[ing]" service with "reasonable diligence" has failed. *Id.* Plaintiffs do not allege any facts that would establish reasonable diligence at personal delivery.

Under Rule 4(e)(2), service by certified mail is not permitted. Instead, the Rule requires a plaintiff to deliver the summons "to the individual personally," to leave a copy at the individual's

4

house with "someone who resides there," or to "deliver[] a copy . . . to an agent authorized by appointment or by law to receive service of process," FED. R. CIV. P. (4)(e)(2)(A)-(C). Plaintiffs do not allege any facts to support a finding of proper service under Rule 4(e)(2).

Accordingly, Plaintiffs' attempted service was improper and the entry of default is void as a matter of law. *See Carimi*, 959 F.2d at 1345.

**II.     In Any Event, Good Cause Exists to Set Aside the Entry of Default.**

Even if service was proper—and it was not, as explained above—the entry of default should be set aside for good cause. *See* FED. R. CIV. P. 55(c); *Gerics v. Trevino*, No. 15-CV-12922, 2018 WL 3216238, at *2 (E.D. Mich. July 2, 2018) (finding that default should be set aside for good cause "[e]ven if service were proper").

The Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments." *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014). In particular, the "Fifth Circuit disfavors defaults when, as here, the plaintiff does not allege more than violation of a procedural time requirement." *InProcessOut, LLC v. World Tech Toys, Inc.*, No. CV SA-18-CA-0869-FB, 2019 WL 6048020, at *3 (W.D. Tex. June 14, 2019) (citation omitted).

In evaluating whether "good cause" exists under Rule 55(c), courts in the Fifth Circuit evaluate three requirements: (1) "whether the default was willful," as well as whether the defendant "acted expeditiously to correct the default"; (2) "whether setting aside [the default] would prejudice Plaintiffs"; and (3) whether defendant has a "meritorious defense." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (citation omitted). All three factors counsel strongly in favor of setting aside the entry of default here.

    **A.     There Exists No Willful Neglect.**

Because a "defendant has no obligation to appear in court or defend an action before it is

5

formally served with process," *Thompson v. Deutsche Bank Nat. Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citation omitted), there can be no willful delay as the lack of effective service vitiates any requirement to act. *See Close v. Dasi*, LLC, No. SA-16-CA-0990-XR, 2017 WL 486960, at *1 (W.D. Tex. Feb. 6, 2017) ("[T]here is no indication in the record that [defendant] acted willfully in failing to file an answer in the relevant sense" because it "was never actually served with process despite Plaintiff's affidavit to the contrary."). Even if the Court concludes that service was effective—and, again, it clearly was not—the fact that "defendant mistakenly believed service was not accomplished when, in fact, it had been" suggests that "[d]efendant did not willfully default." *Hockenbergs Equip. & Supply Co. v. Team Contractors, LLC*, No. EP-18-CV-346-PRM, 2019 WL 1253576, at *2 (W.D. Tex. Mar. 11, 2019) (citing *Lacy*, 227 F.3d at 292-93).

Moreover, the docket belies any suggestion of meaningful delay. Plaintiffs submitted a filing on May 24, 2021, first suggesting that Defendant had been served and Defendant's answer had been due *six days earlier*. ECF No. 91. Just one week after the Clerk's entry of default, counsel for Zuckerberg entered appearances and filed this motion on his behalf. This expeditious action after entry of default counsels in favor of setting the default aside. *See Lacy*, 227 F.3d at 292-93; *Copeland v. State Farm Ins. Co.*, 657 F. App'x 237, 239–40 (5th Cir. 2016) (relying on fact that defendants "acted 'swiftly' once they learned of the default").

      B.     *Setting Aside the Entry of Default Would Result In No Prejudice To Plaintiffs.*

Nor can Plaintiffs claim even a remote hint of prejudice. Plaintiffs have filed suit against a remarkable 643 defendants. As of the date of this filing, however, not a single defendant has answered the complaint, and only two defendants have filed responsive pleadings. *See* ECF No. 88 (Ohio defendants motion to dismiss); ECF No. 113 (Georgia defendants motion to dismiss). And either by Court-granted extension or based on the date of alleged service, the responsive pleadings for numerous defendants are not due until July. *See, e.g.*, 5/17/2021 Text Order; 5/21/2021 Text

6

Orders; 5/26/2021 Text Order; ECF No. 112. Because this case is still in its "infancy," prejudice to the Plaintiffs is clearly absent. *Source Cap. Grp., Inc. v. Terra Telecom*, LLC, No. 4:10CV405, 2011 WL 13195949, at *1 (E.D. Tex. Apr. 29, 2011).

      C.      *Defendant's Defenses Are Meritorious.*

Finally, Defendant's defenses are meritorious. Plaintiffs' factual and legal theory is not new. Courts across the country have summarily disposed of a myriad of suits largely identical in material respects to this one. Time and again, courts have found that plaintiffs lack standing to assert claims that, among other things, Defendant's donations during the 2020 election somehow operated as part of a secret conspiracy. *See, e.g., Texas Voters All. v. Dallas Cty.*, 495 F. Supp. 3d 441, 472 (E.D. Tex. 2020) ("Plaintiffs miss the mark on all three elements of standing"); *O'Rourke v. Dominion Voting Sys. Inc.*, No. 20-CV-03747-NRN, 2021 WL 1662742, at *10 (D. Colo. Apr. 28, 2021) (concluding that plaintiffs' claims about a "secret conspiracy among a 'cabal'" of individuals to affect the 2020 election "is almost the hornbook definition of a generalized grievance that broadly affects all of a state's voters in the same way"); *Minnesota Voters All. v. City of Minneapolis*, No. CV 20-2049 (MJD/TNL), 2020 WL 6119937, at *1 (D. Minn. Oct. 16, 2020) (similar). In fact, in one of these cases, several motions for sanctions are currently pending based on the sheer frivolity of the claims, which—much like Plaintiffs' claims here—assert a secret conspiracy and cabal among business leaders and politicians to deprive voters of constitutional rights in the 2020 election. *See O'Rourke*, No. 20-CV-03747-NRN, ECF Nos. 98 (Motion for Sanctions), 101 (Motion for Sanctions), 102 (Motion for Sanctions), 103 (Motion for Sanctions); 6/1/2021 Minute Order (scheduling a hearing on defendants' motions for sanctions).

Even putting Article III standing aside, the deficiencies in Plaintiffs' complaint are

7

numerous.[2] Plaintiffs' claims against Zuckerberg under 42 U.S.C. § 1983 and *Bivens* are frivolous, as both require state action and Zuckerberg is not a public official. *See Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 312 (5th Cir. 2011) ("[S]tate action is a prerequisite for bringing an action under Section 1983."); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63 (2001) (*Bivens* applies to federal officers and does not apply to a private actor, even if acting under color of state law). Plaintiffs do not assert any particularized facts to suggest that Defendant is subject to personal jurisdiction in Texas for the claims asserted in this case. And while Plaintiffs also appear to challenge the actions of Facebook in moderating content on its platform, those claims are not attributable to Defendant and, in any event, are clearly barred by the Communications Decency Act, which "protects a publisher from liability for exercising its editorial and self-regulatory functions." *Silver v. Quora, Inc.*, 666 F. App'x 727, 729 (10th Cir. 2016).

Accordingly, good cause exists to set aside the entry of default against Zuckerberg.

## CONCLUSION

Because Zuckerberg did not sign the return receipt, Plaintiffs' attempt to serve him by certified mail is defective under Texas law, and therefore the entry of default must be set aside. Until Defendant is properly served, he is under no obligation to respond. In any event, the entry of default should be set aside for good cause under Rule 55(c).

---

[2] The deficiencies identified here are not intended to be an exhaustive list of the reasons that dismissal is warranted in this case.

DATED: June 4, 2021                     Respectfully submitted,

                                          By: */s/ W. Ray Whitman*
                                              W. Ray Whitman
                                              Texas Bar No. 21379000
                                              wrwhitman@bakerlaw.com
                                              BAKER & HOSTETLER LLP
                                              811 Main Street, Suite 1100
                                              Houston, Texas 77002
                                              (713) 751-1600 (Telephone)
                                              (713) 751-1717 (Facsimile)

                                              Jonathan Kravis*
                                              Jacobus van der Ven*
                                              MUNGER, TOLLES & OLSON LLP
                                              601 Massachusetts Ave. NW, Suite 500E
                                              Washington, D.C. 20001-5369
                                              Telephone: (202) 220-1130
                                              Fax: (202) 220-2300
                                              jonathan.kravis@mto.com
                                              Jacobus.VanderVen@mto.com

                                              *Pro Hac Vice Applications forthcoming*

                                              **COUNSEL FOR DEFENDANT MARK ZUCKERBERG**

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 3, 2021, counsel for Defendant Zuckerberg conferred with counsel for Plaintiffs regarding the relief sought herein. Plaintiffs' counsel stated that he is opposed to the relief sought without stating a reason.

<u>/s/ W. Ray Whitman</u><br>
W. Ray Whitman

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of June, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel for all parties who have appeared in this action.

<u>/s/ W. Ray Whitman</u><br>
W. Ray Whitman