IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JENNILYN SALINAS, et al., § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> NANCY PELOSI, et al., § <br> § <br> Defendants. § | No. 6:21-cv-00162-ADA-JCM |

**REPUBLICAN NATIONAL COMMITTEE'S UNOPPOSED MOTION TO
SET ASIDE ENTRY OF DEFAULT AND BRIEF IN SUPPORT**

The Republican National Committee ("RNC") moves to set aside the Clerk's Entry of Default (Dkt. No. 125) under Federal Rule of Civil Procedure 55(c). Plaintiffs do *not* oppose this motion.[1]

### INTRODUCTION

Although the RNC has not been served in this case, the Clerk of this Court entered default against RNC. Dkt. No. 125. Because Plaintiffs' service was defective—and the typical factors for setting aside defaults further weigh in the RNC's favor—this Court should "set aside [the] entry of default for good cause" under Federal Rule of Civil Procedure 55(c).

---

[1] Plaintiffs have also agreed that the RNC has no obligation to respond to Plaintiffs' First Amended Complaint. Plaintiffs still have not effected proper service of the First Amended Complaint and summons on the RNC.

As an initial matter, Plaintiffs' attempt to serve the RNC was deficient for at least two reasons. First, the Return of Service shows that the summons was mailed to the wrong address. Second, the Return shows that the summons was received by someone with no connection to the RNC, and certainly with no authority to accept service on behalf of the RNC.

In addition to the clear defects in Plaintiffs' attempt at service, further "good cause" exists to set aside the default because (1) the RNC's failure to respond to Plaintiffs' complaint was not "willful"; (2) Plaintiffs will suffer no prejudice, as they do not oppose this motion; and (3) Plaintiffs' claims are baseless, as this Court recognized by dismissing a previous iteration of this lawsuit. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (describing factors for setting aside defaults); Dkt. No. 11 at 2, *Latinos for Trump v. Sessions*, No. 6:21-CV-00043-ADA-JCM (W.D. Tex. Feb. 19, 2021) (Order to Show Cause: "Here, the Court finds that Plaintiff's claims are without merit[.]"). Moreover, the RNC has expeditiously conferred with Plaintiffs and moved to set aside the default, and it is in the "public interest" to allow the RNC to defend itself now that it has been made aware of the claims against it. *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992).

Accordingly, the RNC respectfully requests that this Court set aside the default.

## BACKGROUND

The procedural history in this case thus far is instructive. After Plaintiffs initially filed this lawsuit on February 22, 2021, they requested a summons for the

RNC on March 17, 2021. Dkt. Nos. 1, 12, 18. The Court issued its summons the same day, and included the following address for the RNC:

> Republican National Committee
> 310 First St., S.E.
> Washington, D.C. 20003

Dkt. No. 12. There is no indication that Plaintiffs sought to serve the summons or their original complaint, however, and the next week on March 24, 2021, Plaintiffs filed an amended complaint. Dkt. No. 24.

Plaintiffs did not file a Return of Service for the RNC until May 27, 2021, showing that the summons was allegedly delivered on May 5, 2021. Dkt. No. 115.[2] Notably, the USPS proof of delivery attached to the Return reflected that the summons was picked up by someone at the post office—not at the RNC's address listed on the summons, and not even at the address listed on the proof of delivery. "Bill Medley" signed for the delivery, and he identified his address as what appears to be "1101 4th St":



Dkt. No. 120-1 (screenshot from USPS proof of delivery as filed by Plaintiffs).

---

[2] Plaintiffs' process server's affidavit states that: "This summons for <u>Republican National Comm.</u> was received on April 23, 2021[.]" Dkt. No. 120-1.
  The RNC cannot know whether what Plaintiffs mailed contained the summons or either complaint because the RNC never received the delivery. For purposes of this Motion however, the RNC will refer to the sent mail as the "summons."

The same day Plaintiffs filed their Return—May 27, 2021—Plaintiffs moved for entry of default against the RNC. Dkt. No. 120. The Clerk then entered default. Dkt. No. 125. The Clerk has also entered default against other putative defendants. *See* Dkt. Nos. 121-25. The DSCC and DCCC have since moved to set aside the entries of default against them, alleging that Plaintiffs failed to properly serve the DSCC and DCCC by, among other reasons, sending summons to the wrong addresses. Dkt. No 127. After initially opposing, Plaintiffs no longer oppose the DSCC's and DCCC's motion. Dkt. No. 136. Mark Zuckerberg has likewise moved to set aside the entry of default against him. Dkt. No. 132.

In sum, the RNC never received the summons or either complaint filed in this case so far. Declaration of J. Justin Riemer ¶¶ 4, 6 ("Riemer Decl."); Declaration of Dustin Hendrix ¶ 11, 12-13 ("Hendrix Decl."). The RNC is not located at 1101 4th St. and could not have received anything mailed to that address. Hendrix Decl. ¶¶ 4-6. Nor has the RNC authorized anyone named "Bill Medley" to accept service on behalf of the RNC. *Id.* ¶¶ 8-10.

## ARGUMENT

This Court should set aside the entry of default against the RNC because Plaintiffs' failure to properly serve the RNC constitutes "good cause" under Rule 55(c). *See* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause[.]"). The "requirement of 'good cause' . . . ha[s] generally been interpreted liberally"; *Effjohn*, 346 F.3d at 563 (alterations in original; quoting *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991)); because default is "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme

4

situations," *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Courts generally consider "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Effjohn*, 346 F.3d at 563 (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). But these factors are not exhaustive, and Courts may also consider, as relevant here, whether a default "implicate[s]" "the public interest" and whether "the defendant acted expeditiously to correct the default." *Dierschke*, 975 F.2d at 184.

Under any analysis, the RNC can demonstrate good cause.

### I. Plaintiffs Failed To Serve The RNC At The RNC's Address Or With Someone Authorized By The RNC To Accept Service—Which Renders Plaintiffs' Service Defective.

Plaintiffs have simply failed to serve the RNC, which requires the entry of default to be set aside. "Before a court can enter a default judgment against a defendant, service of process must be effective under the Federal Rules of Civil Procedure." *Vest v. Taylor*, No. W-18-CV-000128-ADA, 2018 WL 7288027, at *1 (W.D. Tex. Sept. 26, 2018) (citing *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999)); *accord Chase v. Nix*, No. 6:15-CV-00258-WSS-JCM, 2015 WL 13854994, at *2 (W.D. Tex. Dec. 14, 2015), *report and recommendation adopted*, No. CV W-15-CA-258, 2016 WL 11668709 (W.D. Tex. May 2, 2016) ("Furthermore, a defendant does not have a duty to answer the complaint until he has been properly

served and a plaintiff cannot obtain a default judgment when this occurs.") (citing *Rogers*, 167 F.3d at 936).[3]

Plaintiffs' attempted service was defective in at least two respects.

First, it appears that Plaintiffs sent the summons to the wrong address. The Return appears to contain the following "address of recipient": "1101 4th St" in Washington, D.C. Dkt. No. 120-1. But the RNC is not located at "1101 4th St," nor is there anyone at that address who is authorized to accept service on behalf of the RNC. Hendrix Decl. ¶¶ 4-7.

Second, even if the Return reflected a proper address, the person who signed for the summons is not authorized to accept service on behalf of the RNC. *See, e.g.*, *United Servs. Auto. Ass'n v. McGuire*, No. 09-10-00256-CV, 2011 WL 2420988, at *2 (Tex. App.—Beaumont June 16, 2011, no pet.) (requiring plaintiffs to serve summons on someone with authority to accept service, even when serving by mail). The return shows that the summons was received by "Bill Medley." Not only is there no one named "Bill Medley" authorized to accept service on behalf of the RNC, there is no one named "Bill Medley" associated with the RNC. Hendrix Decl. ¶¶ 8-10.

---

[3] Federal Rule of Civil Procedure 4(e)(1) provides that plaintiffs may rely on "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).
Plaintiffs apparently chose to avail themselves of the Texas Rules of Civil Procedure, permitting service by certified mail. *See* Dkt. No. 120-1 (Return of Service: "This summons [for the RNC] . . . was served under Texas Rules of Civil Procedure (TRCP) 106 (A)(2) by Certified Mail and Return Receipt Requested. Certified Mail was accepted on May 5th, 2021 and signed for under TRCP 108 Service in Another State.").

## II. The Traditional Factors For Setting Aside An Entry Of Default All Weigh In Favor Of The RNC.

In addition to Plaintiffs' failure to serve the RNC—which is dispositive—other factors further weigh in favor of setting aside the entry of default here. *Effjohn*, 346 F.3d at 563.

First, the RNC's failure to respond to Plaintiffs' lawsuit was not "willful" because the RNC could not have responded to a lawsuit for which it has not been served. Second, Plaintiffs will suffer no prejudice, as evidenced by their non-opposition to this Motion. Moreover, the RNC "acted expeditiously to correct the default"—by conferring with Plaintiffs' counsel and preparing this Motion—after it learned of the default. *Dierschke*, 975 F.2d at 184; *see* Riemer Decl. ¶¶ 5-7. Third, as the RNC intends to demonstrate in a motion to dismiss, the claims in this case are not meritorious. Finally, setting aside the default here "implicate[s]" "the public interest," as it will permit the RNC to defend itself against Plaintiffs' far-reaching allegations. *Dierschke*, 975 F.2d at 184.

## CONCLUSION

The RNC respectfully requests that the Court set aside the entry of default against the RNC.

Dated: June 8, 2021

                                            Respectfully submitted,
                                            */s/ Todd Disher*
                                            Todd Disher

                                            Scott A. Keller
                                            Texas Bar No. 24062822
                                            scott@lehotskykeller.com

                                            Matthew H. Frederick
                                            Texas Bar No. 24040931
                                            matt@lehotskykeller.com

                                            Todd Disher
                                            Texas Bar No. 24081854
                                            todd@lehotskykeller.com

                                            LEHOTSKY KELLER L.L.P.
                                            919 Congress Ave., Ste. 1100
                                            Austin, TX 78701
                                            T: (512) 693-8350
                                            F: (833) 233-2202

## CERTIFICATE OF CONFERENCE

Counsel for the RNC conferred with counsel for Plaintiffs on June 4 and June 7, 2021 regarding this Motion. Plaintiffs do *not* oppose the relief sought in this motion.

*/s/ Todd Disher*
Todd Disher

## CERTIFICATE OF SERVICE

This document was served on all parties that have made an appearance in this case on June 8, 2021, using the Court's CM/ECF file and service system.

*/s/ Todd Disher*
Todd Disher