IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **Jennilyn Salinas, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | NO. 6:21-CV-162 |
| | § | |
| **Nancy Pelosi, et al.,** | § | |
| | § | |
| Defendants. | § | |

## DSCC AND DCCC'S MOTION TO DISMISS AND BRIEF IN SUPPORT

For the following reasons, Defendants DSCC and DCCC (the "Committees") hereby move to dismiss Plaintiffs' Amended Complaint (ECF No. 24), with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]

## INTRODUCTION

Plaintiffs base this lawsuit on a host of thoroughly discredited conspiracy theories, which have fueled the dangerous lie that the 2020 presidential election was corrupted or stolen. These theories are false; the American people chose their President, and none of the over sixty cases brought in the wake of the election by plaintiffs peddling the same or similar theories have succeeded in presenting any credible evidence to find otherwise. This case, too, should proceed no further, for several reasons.

---

[1] Plaintiffs filed their Amended Complaint on March 24, 2021. ECF No. 24. On the evening of June 10, Plaintiffs filed a Second Amended Complaint. ECF No. 145. Because Plaintiffs had already filed an amended complaint, ECF No. 24, they were required to seek opposing parties' consent or leave of court before filing a second amended complaint. Fed. R. Civ. P. 15(a)(2). Plaintiffs appear to have done neither. Therefore, the Court should strike the Second Amended Complaint. *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) (holding that "failing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect.").

First, the Court lacks jurisdiction because Plaintiffs lack standing. The purported injuries they claim to have suffered, even if true, would be shared, quite literally, with all Americans and are therefore too general to satisfy Article III's injury-in-fact requirement, which demands that injuries be concrete and individualized. Even if Plaintiffs could overcome this hurdle, they have not alleged any connection between those injuries and the Committees' conduct. The Committees work to elect Democrats to the House and Senate, but they play no role in the administering or certifying of elections. Plaintiffs fail to make any allegations that would plausibly connect the Committees to the harm that Plaintiffs claim to have suffered. This means that, for these Defendants, Plaintiffs also fail to satisfy Article III's traceability requirement. Finally, Plaintiffs fall short of satisfying Article III's third requirement, redressability, as well. The Court cannot grant Plaintiffs the relief they seek, i.e., the complete undoing of the 2020 general election months after it was certified, their extraordinary request that none of the Defendants take part in political activity (other than voting) again, or unspecified general and punitive damages against the Defendants based on Plaintiffs' claims (which by Plaintiffs' own implicit admission, would not redress the injuries they claim to have suffered).

Beyond Plaintiffs' failure to meet the minimum Article III case-or-controversy requirement, their lawsuit must be dismissed because their claims are moot, they are barred by the doctrine of laches, and they fail to state a claim against the Committees. Of the six causes of action Plaintiffs assert in their Amended Complaint, four require the defendant to be a state or federal government actor; but the Committees do not fit this bill. Plaintiffs' remaining claims, arising under 42 U.S.C. §§ 1985 and 1986 must be dismissed because Plaintiffs failed to establish each element of those claims. Plaintiffs cannot maintain this lawsuit generally, but certainly cannot

pursue these claims against the Committees. For each of these reasons, the Committees respectfully move the Court to dismiss the Amended Complaint with prejudice.

## BACKGROUND

More than three months after 155 million Americans voted in what has been described as the most secure and accurate election in U.S. history, Plaintiffs filed a lawsuit asking this Court to undo the results of that election. ECF No. 1 (Complaint filed on Feb. 22, 2021). Plaintiffs are eight individuals who reside in Texas, Washington, and New York. ECF No. 24 (Am. Compl.) at ¶¶ 47-54. They seek to certify a class of "quite simply, all American citizens." ECF No. 24 at ¶ 168.

Plaintiffs' lawsuit is premised on the reporting in a February 4, 2021 TIME Magazine article, *The Secret History of the Shadow Campaign That Saved the 2020 Election*, written by Molly Ball. ECF No. 24 at p.16 ("Secret History essentially states Plaintiffs' causes of action for them."). Based on their reading of the article, Plaintiffs claim that Defendants—which include all members of Congress, dozens of state officials, private individuals, the Committees, and the Republican National Committee—altered the rules and procedures of the election and therefore "violated election integrity safeguards enacted by Congress in the Help America Vote Act of 2002" ("HAVA") and the Civil Rights Act. ECF No. 24 at ¶ 28. Notably, the TIME Magazine article never once mentions the Committees themselves. ECF No. 24-1. The Amended Complaint largely avoids any mention of the Committees, too. *C.f.* ECF No. 24 at ¶¶ 67, 68, 94 (highlighting the only paragraphs in the Amended Complaint that reference the Committees). These spare references cannot sustain Plaintiffs' claims against the Committees, for the reasons discussed further below.

It is also notable that, although Plaintiffs repeatedly allege Defendants violated the safeguards of HAVA and the Civil Rights Act, these statutes are not the basis of the Amended Complaint's causes of action. Instead, Plaintiffs assert six causes of action based on 42 U.S.C. §§ 1983, 1985, 1986 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,

403 U.S. 388 (1971). ECF No. 24 at ¶¶ 121-165. None of these claims are directed to conduct undertaken by the Committees.

## STANDARDS OF REVIEW

I. **Motion to Dismiss Under Rule 12(b)(1).**

On a motion to dismiss for lack of subject matter jurisdiction, Plaintiffs carry the burden to prove that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The Court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). The Court should first consider a Rule 12(b)(1) motion before considering other motions brought under Rule 12. *Ramming*, 281 F.3d at 161.

As to standing, Plaintiffs must meet three "irreducible constitutional minimum" requirements. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Plaintiffs must prove: (1) there is an injury in fact that is concrete, actual, or imminent and not conjectural or hypothetical; (2) the injury is fairly traceable to the complained-of conduct of the Committees; and (3) "a likelihood that the requested relief will redress the alleged injury." *Id*. at 103. Plaintiffs bear the burden to prove they have standing to bring this lawsuit. *Id.* at 103-4.

II. **Motion to Dismiss Under Rule 12(b)(6).**

A court considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) must determine whether Plaintiffs have alleged facts that are more than just conclusory allegations or legal conclusions "masquerading as factual conclusions." *Taylor v. Brooks A. Million, Inc*., 296 F.3d 376, 378 (5th Cir. 2002); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 56 U.S. 652, 678 (2009). That is, Plaintiffs' allegations must be plausible on their face and

raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555, 570. Here, Plaintiffs can only survive a motion to dismiss under Rule 12(b)(6) if the Court determines, based on the Amended Complaint, that the Committees are liable for the alleged misconduct based on more than just naked assertions. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

### I. Plaintiffs do not have standing to pursue this litigation.

Plaintiffs have not established that they have standing to pursue their claims. To establish Article III standing, a plaintiff must show (1) an "injury in fact" that is concrete, particularized, and actual or imminent; (2) that the injury is "fairly traceable" to the challenged conduct of the defendant; and (3) that it is likely that the injury can be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61; *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000).

None of the eight named Plaintiffs are alleged to have suffered individualized or particularized injuries beyond their mere status as residents of the United States. In fact, Plaintiffs admit that their injuries are the same as 328 million other Americans. ECF No. 24 at ¶ 2 (Am. Compl.). Such generalized grievances are not the type of concrete or particularized injury needed to establish standing to sue. *See, e.g.*, *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) ("We have repeatedly held that such a 'generalized grievance,' no matter how sincere, is insufficient to confer standing."); *Lance v. Coffman*, 549 U.S. 437, 442 (2007) (holding "undifferentiated, generalized grievance about the conduct of government" is not sufficient to establish standing).

Further proving the general nature of Plaintiffs' allegations, this lawsuit largely arises from a TIME Magazine article and other "public sources, including media and official records." ECF No. 24 at ¶ 34. Plaintiffs aver they could "state their entire claims upon which relief could be granted by merely cutting and pasting only the [TIME article] in its entirety into the factual

allegations sections and omitting the 'whitewashing' statements about 'protecting democracy.'" ECF No. 24 at ¶ 16. But neither the TIME article nor any of the public resources referred to in the Amended Complaint describe injuries specific to Plaintiffs.

Even if Plaintiffs suffered an injury sufficient to satisfy Article III, they have not alleged that the Committees caused such an injury, as is necessary to satisfy the redressability requirement. The Committees appear in only three paragraphs of the Amended Complaint: two summarily describing them as defendants, ECF No. 24 at ¶¶ 67, 68, and one alleging that the Committees filed documents that Plaintiffs claim falsely stated that they run day-to-day operations for the Democratic Party "so that individual Defendants named herein could [commit] their overt acts in furtherance of the conspiracy through these corporate entities," *id*. at ¶ 94. The Amended Complaint, in other words, fails to attribute any of Plaintiffs' purported injuries to the Committees or even allege that the Committees took *any* actions that caused Plaintiffs any cognizable harm.

This Court cannot grant Plaintiffs the relief they seek—voiding the November 2020 presidential election and instituting a new "federal election for Congress, President, and Vice President," enjoining the Committees from participating in any future campaigns, or awarding general and punitive damages based on the spare allegations against the Committees in the Amended Complaint. ECF No. 24 at p. 61 (Am. Compl., Prayer for Relief). The Court may adjudicate matters arising from the Constitution or statutes, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), but the Court's jurisdiction does not extend to political questions that lack "judicially discoverable and manageable standards for resolving [them]," *Rucho v. Common Cause*, 139 S. Ct. 2484, 2494 (2019) (quoting *Baker v. Carr*, 369 U.S. 186, 217 (1962)). Such cases are unquestionably rare, but this presents one of those rare cases.

**II.     Plaintiffs' claims are moot, and the lawsuit is barred by the doctrine of laches.**

Plaintiffs cannot now challenge the results of the November 2020 election. Plaintiffs filed this lawsuit on February 22, 2021, more than three months after the election and well after the results were certified by the states and Congress. Several other litigants attempted to do what Plaintiffs seek—overturn the results—soon after the election, and courts struck down those lawsuits as moot even then. *See, e.g.*, *Wood v. Raffensperger*, 981 F.3d 1307, 1317 (11th Cir. 2020) ("'We cannot turn back the clock and create a world in which' the 2020 election results are not certified." (citing *Fleming v. Gutierrez*, 785 F.3d 442, 445 (10th Cir. 2015)). Plaintiffs' claims have not become more timely with delay.

Plaintiffs are also barred from pursuing this lawsuit by the doctrine of laches. Laches is an equitable doctrine that prevents parties from bringing stale claims, the litigating of which causes undue prejudice. *Env't Def. Fund, Inc. v. Alexander*, 614 F.2d 474, 478 (5th Cir. 1980). The doctrine applies here, with force, because Plaintiffs inexcusably delayed in bringing this lawsuit more than three months after the election and allowing them to proceed would cause the Committees (as well as the other Defendants and the general public) substantial prejudice.

**III.    Plaintiffs fail to state a claim upon which relief may be granted.**

None of Plaintiffs' six claims are viable as alleged against the Committees. Four arise under either 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*, 403 U.S. 388, 397 (1971). ECF No. 24 at ¶¶ 121-137, 148-165. To allege a claim under § 1983, Plaintiffs must show the Committees were acting "under color of state law," *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), and to allege a claim under *Bivens*, Plaintiffs must show the Committees were acting "under color of federal law," *Capri v. Williams*, No. 4:12-CV-930-Y, 2013 WL 1655987, at *1 (N.D. Tex. Apr. 17, 2013); *c.f. Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (refusing to extend *Bivens* to include private entities acting under color of

federal law). The Committees are not state or federal actors, and Plaintiffs' Amended Complaint fails to allege that the Committees took any actions that could be construed as reaching the level of government action. Thus, Plaintiffs' claims arising under § 1983 and *Bivens* must be dismissed as to the Committees.

Plaintiffs also fail to state claims against the Committees in their two remaining claims, which arise under 42 U.S.C. § 1985(3) and § 1986. ECF No. 24 at ¶¶ 138-147. Section 1985(3) prohibits conspiracies that: (1) deprive people of their equal protection guarantees; (2) prevent or hinder state authorities from "giving or securing to all persons within" the State their right to equal protection; (3) prevent "by force, intimidation, or threat" legal voters from voting or attempting to vote for President, Vice President, or Congress; or (4) injure legal voters or their property when voting or attempting to vote. 42 U.S.C. § 1985(3). To succeed on a § 1985(3) claim in the Fifth Circuit, Plaintiffs must allege a race or class-based conspiracy. *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 271 (5th Cir. 2001) ("'In this circuit, we require an allegation of a race-based conspiracy' to present a claim under § 1985(3)."); *Kimble v. D. J. McDuffy, Inc.*, 648 F.2d 340, 345 (5th Cir. 1981) ("In accordance with *Griffin*, this court has limited cases brought under Section 1985(3) to those alleging racial or class-based animus.").

Aside from a conclusory sentence, ECF No. 24 at ¶ 142, Plaintiffs failed to plead with any specificity that the Committees conspired to deprive Plaintiffs of their rights based on class-based or racial animus. In fact, Plaintiffs disclaim that they are suing as part of a protected class but rather represent "all Americans" seeking to "win back their constitutional rights to a representative form of government." ECF No. 24 at ¶ 5. Plaintiffs' failure to allege a class or race-based conspiracy is enough to doom Plaintiffs' § 1985(3) claim in this Court. *Broyles v. Texas*, 618 F. Supp. 2d 661, 698 (S.D. Tex. 2009), aff'd, 381 F. App'x 370 (5th Cir. 2010) ("If the necessary element of race-

based invidious discrimination is not present, the § 1985(3) claim fails and the court need not reach the other elements.").

In addition, the Amended Complaint does not clearly state *how* the Committees deprived Plaintiffs of rights under § 1985(3). If Plaintiffs contend that their First Amendment rights were violated under § 1985(3), ECF No. 24 at ¶ 139, then the claim must be dismissed as to the Committees because First Amendment violations require state action and Plaintiffs failed to allege any specific state action. *Kurd v. Republic of Turkey*, 374 F. Supp. 3d 37, 60 (D.D.C. 2019) ("Accordingly, a private conspiracy to deprive Plaintiffs of their First Amendment rights is not a violation of § 1985(3) unless there is some state action alleged."). And if Plaintiffs contend the Committees prevented Plaintiffs from voting for the President, Vice President, or a candidate for Congress, then they must also allege that the Committees did so using "force, intimidation, or threat[s]." 42 U.S.C. § 1985(3). Plaintiffs made no such allegations; it is not clear from the Amended Complaint that Plaintiffs were prevented from voting in the 2020 election or if so, how, or by whom. For all these reasons, Plaintiffs' fail to state a claim under § 1985(3).

Without successfully pleading a claim under § 1985(3), Plaintiffs cannot pursue their § 1986 claim either. *Hamilton v. Chaffin*, 506 F.2d 904, 914 (5th Cir. 1975) (failure to state a claim under § 1985 bars appellant from recovering under § 1986); *Dowsey v. Wilkins*, 467 F.2d 1022, 1026 (5th Cir. 1972) ("Because of a failure to establish any § 1985 right, the interrelated, dependent cause of action under Section 1986 was also correctly dismissed.").

## CONCLUSION

The fatal deficiencies with Plaintiffs' Amended Complaint cannot be cured. Based on these allegations, there are no amendments that can establish Plaintiffs' standing, nor are there amendments that could make the Committees liable to Plaintiffs under 42 U.S.C. §§ 1985(3) and 1986. For these reasons, the Committees respectfully move the Court to dismiss Plaintiffs'

Amended Complaint with prejudice and strike Plaintiffs' improperly filed Second Amended Complaint (ECF No. 145).

| | |
|---|---|
| Dated: June 11, 2021 | Respectfully submitted, |

*/s/ John R. Hardin*

John R. Hardin
TX State Bar No. 24012784
Perkins Coie LLP
500 N. Akard Street, Suite 3300
Dallas, TX  75201-3347

Elisabeth C. Frost*
Emily R. Brailey*
EFrost@perkinscoie.com
EBrailey@perkinscoie.com
Perkins Coie LLP

*Admitted pro hac vice*

ATTORNEYS FOR DEFENDANTS
DSCC, DCCC

**Certificate of Conference**

The undersigned certifies that on June 7, 2021, attorneys for the Committees conferred with counsel for Plaintiffs and agreed that the Committees would file their Motion to Dismiss the Amended Complaint on June 11. ECF No. 136. Plaintiffs' counsel is opposed to the relief sought herein.

*/s/ John R. Hardin*

John R. Hardin

**Certificate of Service**

A true and correct copy of this Motion was served on all parties through the court's e-filing system.

*/s/ John R. Hardin*

John R. Hardin