IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JENNILYN SALINAS, et al., | |
| Plaintiffs, | Case No.: |
| v. | 6:21-cv-00162-ADA-JCM |
| NANCY PELOSI, et al. | |
| Defendants. | |

**OPPOSED MOTION TO STRIKE PLAINTIFFS' SECOND
AMENDED COMPLAINT AND BRIEF IN SUPPORT OF
DEFENDANTS BRIAN KEMP AND BRAD RAFFENSPERGER**

Brian Kemp (the "Georgia Governor") and Brad Raffensperger (the "Georgia Secretary") (collectively the "Georgia Defendants"), move to strike Plaintiffs' Second Amended Complaint, (Doc. 145), for the reasons shown in the following brief in support.

## INTRODUCTION

Plaintiffs filed their original complaint on February 22, 2021.  (Doc. 1). Plaintiffs then filed their First Amended Complaint on March 24, 2021.  (Doc. 24). Plaintiffs served their First Amended Complaint and summons upon the Georgia Defendants, along with some other named defendants.  (*See* docs. 91-100, 102-03, 105-06, 112, 115).  On May 21, 2021, the Ohio Defendants moved to dismiss Plaintiffs' First Amended Complaint against them, and, on May 27, 2021, the

Georgia Defendants moved to dismiss Plaintiffs' First Amended Complaint against them. (Docs. 88, 113). On June 10, 2021, Plaintiffs filed a Second Amended Complaint, and therein stated the following: "Plaintiffs' Original Complaint was never served but only the First Amended Complaint. Therefore, Plaintiffs file this Second Amended Complaint Class Action Complaint and Application for Injunctive relief . . . as a matter of course pursuant to Fed. R. Civ. P. 15(b)[.]" (Doc. 145 at 1 n. 2). Plaintiffs thus acknowledge that they did not seek leave from the Court or consent from the parties to file their Second Amended Complaint.

Pursuant to Local Rule CV-7(i), undersigned counsel conferred with opposing counsel as to his position of the filing of the Second Amended Complaint in violation of Rule 15 and the filing of this motion. Opposing Counsel opposes the filing of this motion.

## ARGUMENT AND CITATION TO AUTHORITIES

Plaintiffs failed to either obtain the consent of the parties or move for and obtain leave from the Court to file their Second Amended Complaint, and therefore, it should be stricken. Plaintiffs appear to believe that because they did not serve their original complaint, they did not need consent from the parties or leave from the Court to amend their complaint a second time. (Doc. 145 at 1 n. 2). This belief is mistaken, however.

Federal Rule of Civil Procedure 15 provides, in relevant part, the following:

(a) Amendments Before Trial.

    (1)    *Amending as a Matter of Course*. A party may amend its pleading **once** as a matter of course within:

>> (A) 21 days after serving it, or
>>
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)-(2) (emphasis added).

According to the plain language of Rule 15(a), a party is only allowed to amend their complaint *once* as a matter of course without obtaining leave of the Court or consent from the parties. Fed. R. Civ. P. 15(a)(1)-(2). Because Plaintiffs have already amended their original complaint, (*see* docs. 1 and 24), they were required to obtain the consent of the parties or leave from this Court to file their Second Amended complaint. *Id.*; *See also, Calhoun v. City of Houston Police Department, et al.*, ___ F. App'x. ___, Case No. 20-20311, Slip Op. at 10 (5th Cir. April 8, 2021) (unpublished) (concluding that, because plaintiffs had already amended their complaint and there was no indication that the defendants would consent to an amendment, the plaintiff was required to seek leave from the court).

Nonetheless, Plaintiffs note in their Second Amended Complaint that, because they did not serve their original complaint, they are able to amend their complaint *twice* as a matter of Course. (*See* Doc. 145 at 1 n. 2). Plaintiffs' interpretation of Rule 15 is wrong and flies in the face of the spirit of the rule. It

3

does not matter that Plaintiffs failed to serve their original complaint before amending it the first time, as Rule 15 clearly states that a party is allowed to amend their complaint only "*once* as a matter of course." Fed. R. Civ. P. 15(a)(1); *see also Calhoun,* Case No. 20-20311, Slip Op. at 10; *Powell v. United States*, 800 F. App'x. 687, 700 (11th Cir. 2020) (unpublished) (stating "[a] party may amend its complaint only once as a matter of course."); *United States ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 192 (1st Cir. 2015) (stating "[r]ule 15(a)(1) explicitly states that a party is entitled to amend once as a matter of course.") (quotation marks omitted).

    Although Rule 15 states specifically that a party may amend their complaint "once as a matter of course *within* (A) 21 days after serving it, or" (B) 21 days after service of a motion under Rule 12(b), the comments to Rule 15 explain how the 21-day time limit delineated in the rule pertains to when the ability to amend *terminates*, not when it begins and ends. *See* Fed. R. Civ. P. 15 (Notes of Advisory Committee on 2009 amendments). Indeed, in an analogous case where a plaintiff failed to properly serve the defendants, the Fifth Circuit stated that, because the plaintiff had already amended his complaint, he was required to seek leave of the court to amend it again. *See Calhoun, Case* No. 20-20311, Slip Op. at 2-3, 6-7, and 10; *see also United States ex rel. D'Agostino*, 802 F.3d at 193 (stating "Nothing else in either the text of Rule 15 or in the advisory committee's notes evinces an intent to confine amendments as a matter of course under Rule 15(a)(1)(B) to a narrow window following service of an answer or responsive motion. Nor do these materials evince any intent to rescind the historic limitation of amendment as a matter of

4

course to one such amendment per plaintiff per case."); *Green v. City of Southfield*, 2016 U.S. Dist. LEXIS 20894, *7-11 (E.D. MI 2016), 2016 WL 692529 (concluding that the fact that the original complaint went unserved did not increase beyond once the number of times that a plaintiff may amend as a matter of course). Accordingly, because Plaintiffs have already amended their complaint once as a matter of course in this case, their Second Amended Complaint should be stricken, as they have neither sought leave of this Court nor consent of the parties to file it in accordance with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(a)(2).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Second Amended Complaint, (Doc. 145), should be stricken.

Respectfully submitted, this 17th day of June, 2021.

Christopher M. Carr     112505
Attorney General
Bryan K. Webb     743580
Deputy Attorney General
Russell D. Willard     760280
Senior Assistant Attorney General

*/s/ Lee M. Stoy, Jr.*
Lee M. Stoy, Jr.     884654
Assistant Attorney General
40 Capitol Square SW
Atlanta, GA 30334
lstoy@law.ga.gov
404-458-3661 (tel)
404-657-9932 (fax)

*Attorneys for Georgia Defendants*

**Certificate of Service**

I hereby certify that on this 17th day of June 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing. I further certify that a true and correct copy of the forgoing document was sent via the Court's ECF system to all registered parties.

/s/ *Lee M. Stoy, Jr.*
Lee M. Stoy, Jr.    884654
Assistant Attorney General