IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JENNILYN SALINAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NANCY PELOSI, et al. <br><br> Defendants. | Case No.: <br> 6:21-cv-00162-ADA-JCM |

**REPLY IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS
BRIAN KEMP AND BRAD RAFFENSPERGER**

## INTRODUCTION

Plaintiffs' response to Georgia Governor Brian Kemp and Georgia Secretary of State Brad Raffensperger's ("the Georgia Defendants") Motion to Dismiss all but confirms that the claims against the Georgia Defendants should be dismissed. In lieu of actually responding to the merits of the Georgia Defendants' arguments in their motion to dismiss, Plaintiffs opted to file a Second Amended Complaint without leave of the Court or consent of the parties, which attempts to add new baseless claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq.[1] Plaintiffs then argued in response to the

---

[1] Contemporaneously with the filing of this Reply in Support of Motion to Dismiss of Defendants Brian Kemp and Brad Raffensperger, the Georgia Defendants also filed a Motion to Strike Plaintiffs' Second Amended Complaint, because Plaintiffs have already amended their complaint once as a matter of course and the second amended

Georgia Defendants' motion to dismiss that the Georgia Defendants' arguments are moot in light of their *improperly* filed Second Amended Complaint.

The arguments the Georgia Defendants raised in their motion to dismiss are not moot, however, because the First Amended Complaint should still be the operative complaint for the reasons explained in the Georgia Defendants contemporaneously filed Motion to Strike Plaintiffs Second Amended Complaint. Accordingly, by not responding to the merits of the Georgia Defendants' arguments, and through their contemporaneous unpermitted actions, Plaintiffs have effectively conceded the correctness of the Georgia Defendants' arguments, *i.e.*, that this Court lacks personal jurisdiction over the Georgia Defendants, the Georgia Defendants are entitled to Eleventh Amendment Immunity, and Plaintiffs lack standing. Therefore, this Court should dismiss the Plaintiffs' claims against the Georgia Defendants.

## ARGUMENT AND CITATION TO AUTHORITIES

**I.     The Georgia Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint Is Not Moot.**

Plaintiffs incorrectly argue that the arguments raised in the Georgia Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint are moot. A properly filed amended complaint, which supersedes the original complaint as the operative live pleading, generally renders moot all earlier motions. *See, e.g., King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the

---

complaint was filed without leave of the court or the consent of the parties, in violation of Fed. R. Civ. P. 15(a)(1)(-2).

original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."); *Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 793, 797 (5th Cir. 2017) (unpublished) ("Once filed, that amended complaint rendered all earlier motions, including [the plaintiff's] motion for partial summary judgment, moot." (citing *King*, 31 F.3d at 346)).

Here, however, Plaintiffs Second Amended Complaint was not properly filed, because, as more fully explained in the Georgia Defendants' motion to strike, Plaintiffs have already amended their complaint once as a matter of course and did not seek leave of court or consent of the parties to file it in accordance with Federal Rule of Civil Procedure 15(a)(1)-(2).[2] Accordingly, because Plaintiffs' Second Amended Complaint should be stricken and their First Amended Complaint should still be the operative complaint, the Georgia Defendants' motion to dismiss is not moot.

---

[2] The Fifth Circuit has explained that, "although Rule 15(a) requires the district court to grant leave to amend freely, leave to amend is in no way automatic," and that "[t]he district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and *futility of the amendment*." *Anokwuru v. City of Hous.*, 990 F.3d 956, 966 (5th Cir. 2021) (internal citations and quotations omitted) (emphasis added). Should the Plaintiffs seek leave to amend their complaint, the Georgia Defendants will explain, at the appropriate time, why this Court should deny such request.

## II. The Plaintiffs Have Effectively Conceded That This Court Lacks Personal Jurisdiction Over the Georgia Defendants, the Georgia Defendants Are Entitled to Eleventh Amendment Immunity, and that They Lack Standing.

Plaintiffs have not responded to the merits of the Georgia Defendants' arguments that this Court lacks personal jurisdiction over them, that they are entitled to Eleventh Amendment Immunity, and that the Plaintiffs lack standing, and thus, have effectively conceded these points. (*See* Doc. 146 at 4-15). Instead of responding to the merits of the Georgia Defendants' arguments, the Plaintiffs argue that their new RICO claims in their improperly filed Second Amended Complaint provide this Court with personal Jurisdiction over the Georgia Defendants, pierce the Georgia Defendants' Eleventh Amendment Immunity, and provide them standing to sue. (*See id*.). As a result, Plaintiffs have effectively conceded that, under their still operative First Amended Complaint, this Court lacks personal jurisdiction over the Georgia Defendants, the Georgia Defendants are entitled to the protections of Eleventh Amendment Immunity, and Plaintiffs lack standing to even bring the asserted claims. (Doc. 113 at 5-14). Therefore, the Georgia Defendants continue to rely on the arguments made in their Motion to Dismiss Plaintiffs' First Amended Complaint in support of dismissal of the claims against the Georgia Defendants. (*See id*.).[3]

---

[3] The Georgia Defendants do not address Plaintiffs' contentions regarding their new RICO claims that are alleged in their improperly filed Second Amended Complaint. Instead, the Georgia Defendants reserve the opportunity to address the claims raised in Plaintiffs' Second Amended Complaint at the appropriate time should this Court either grant the Georgia Defendants' Motion to Strike Plaintiffs' Second Amended Complaint and Plaintiffs seek leave to file it; or if this Court denies the Georgia

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' claims against the Georgia Defendants in their First Amended Complaint, (Doc. 24), should be dismissed.

Respectfully submitted, this 17th day of June, 2021.

| | |
|---|---|
| Christopher M. Carr | 112505 |
| Attorney General | |
| Bryan K. Webb | 743580 |
| Deputy Attorney General | |
| Russell D. Willard | 760280 |
| Senior Assistant Attorney General | |

*/s/ Lee M. Stoy, Jr.*
Lee M. Stoy, Jr.          884654
Assistant Attorney General
40 Capitol Square SW
Atlanta, GA 30334
lstoy@law.ga.gov
404-458-3661 (tel)
404-657-9932 (fax)

*Attorneys for Georgia Defendants*

---

Defendants' motion to Strike, which, concededly, would make the Georgia Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint moot.

**Certificate of Service**

    I hereby certify that on this 17th day of June 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing.  I further certify that a true and correct copy of the forgoing document was sent via the Court's ECF system to all registered parties.

                              /s/ *Lee M. Stoy, Jr.*
                              Lee M. Stoy, Jr.     884654
                              Assistant Attorney General