# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JENNILYN SALINAS, et al., | : |
| | : Case No. 6:21-cv-00162 |
| Plaintiffs, | : |
| | : JUDGE ALAN D. ALBRIGHT |
| v. | : |
| | : MAG. JUDGE JEFFREY MANSKE |
| NANCY PELOSI, et al, | : |
| | : |
| Defendants. | : |

### OHIO DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION AND BACKGROUND

On May 21, 2021, Defendants Ohio Governor Mike DeWine and Ohio Secretary of State Frank LaRose (the "Ohio Defendants") filed a Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and Eleventh Amendment immunity, Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Doc. 88.

On June 10, 2021, Plaintiffs filed a Second Amended Complaint without leave of the Court or consent of the Ohio Defendants.[1] Doc. 145. Plaintiffs' Second Amended Complaint adds new allegations, new causes of action (including one count under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c)), and new exhibits. It also changed the nature of Plaintiffs' suit against the Ohio Defendants from one in their official capacities, *see* Doc. 24-3 at 9 (suing each of the Ohio Defendants "as an individual in his official capacity") to one in their

---

[1] The Ohio Defendants have requested an extension of time to respond to Plaintiffs' Second Amended Complaint (Doc. 156) and are not waiving that right to respond by filing this Reply.

individual capacities.  *See* Doc. 145 at ¶ 22 ("Plaintiffs additionally names [sic] as Defendants, individually and in their personal capacities all the state Governors and Secretaries of State . . . .).

While normally filing an amended complaint would obviate the need to respond to a pending motion to dismiss, Plaintiffs still filed a Response to the Ohio Defendants' Motion to Dismiss.  Doc. 149.  In their Response, Plaintiffs argue that their Second Amended Complaint moots the Ohio Defendants' Motion to Dismiss.  *See id.* at 1.

On June 17, 2021, the Georgia Defendants, who have also filed a motion to dismiss Plaintiffs' First Amended Complaint, filed a Motion to Strike Plaintiffs' Second Amended Complaint.  Doc. 157.  The Ohio Defendants agree with the Georgia Defendants that Plaintiffs' Second Amended Complaint was improperly filed and that Plaintiffs' Second Amended Complaint should be stricken.  Plaintiffs' First Amended Complaint, which the Ohio Defendants moved to dismiss, should still be the operative complaint in this case.

This Court should strike Plaintiffs' Second Amended Complaint for the reasons set forth in the Georgia Defendants' Motion to Strike (Doc. 157) and dismiss Plaintiffs' First Amended Complaint for the reasons set forth in the Ohio Defendants' Motion to Dismiss (Doc. 88).

## LAW AND ARGUMENT

Plaintiffs did not substantively respond to the Ohio Defendants' arguments in their Motion to Dismiss that (1) Plaintiffs lack standing, (2) the Ohio Defendants are entitled to Eleventh Amendment Immunity, (3) this Court lacks personal jurisdiction over the Ohio Defendants, and (4) Plaintiffs claims fail as a matter of law.  Rather, Plaintiffs' Response merely bolsters their new RICO claim alleged for the first time in their improperly-filed Second Amended Complaint, which Plaintiffs believe defeats each of the Ohio Defendants' defenses to their First Amended Complaint. The Ohio Defendants do not address this new RICO claim at this time, other than to note its

inapplicability to the Ohio Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, the operative complaint in this case.

## I. This Court Lacks Subject-Matter Jurisdiction Over the Entire Lawsuit.

The Ohio Defendants' first argument in their Motion to Dismiss is that Plaintiffs lack standing because (1) Plaintiffs cannot establish that they suffered an injury in fact; (2) Plaintiffs claimed injuries are not "fairly traceable to the challenged action" of the Ohio Defendants; and (3) Plaintiffs' asserted injuries are not "redressable by a favorable ruling." Doc. 88 at 3–5.

In responding to the first prong of Defendants' standing argument, Plaintiffs rely on their new RICO claim, Doc. 149 at ¶ 34, as well as on sweeping statements *not* alleged in the First Amended Complaint that only reinforce that their alleged injuries are generalized grievances. *See, e.g.*, *id.* at ¶ 38 (alleging that "many left-leaning Americans are in favor of a more 'collectivist' America with a more authoritarian form of government that exalts 'equity' over equality of individual rights and personal responsibility through redistribution of wealth at the direction of the political class such as one would see in countries like Cuba or Venezuela"); *id.* at ¶ 39 (alleging that "many left-leaning Americans approve of the deprivations of First Amendment rights set forth in the Complaint because Defendants' actions result in silencing those who seek to express more conservative political views"). Likewise, Plaintiffs' only rebuttal to the second prong of the Ohio Defendants' standing argument is to assert that the Ohio Defendants acted "in furtherance of a pattern of racketeering." Doc. 149 at ¶¶ 40–43. Racketeering is not alleged *anywhere* in the First Amended Complaint, *see* Doc. 24, which is still the operative complaint in this case. Finally, Plaintiffs did not address *at all* the third prong of the Ohio Defendants' standing argument that Plaintiffs' asserted injuries are not redressable by a favorable ruling. For each of these unrebutted reasons, Plaintiffs lack standing, and their First Amended Complaint should be dismissed.

3

The Ohio Defendants also argued in their Motion to Dismiss that this action is moot, Plaintiffs' claims are barred by laches, and the political-question doctrine warrants dismissal of this case. Doc. 88 at 5, 10. Plaintiffs' Responses in opposition to these defenses similarly fails.

## II. Eleventh Amendment Immunity Bars Plaintiffs' Claims Against the Ohio Defendants.

The Ohio Defendants also argued in their Motion to Dismiss that their Eleventh Amendment immunity bars Plaintiffs' claims against them. Doc. 88 at 6–7. Plaintiffs admit in their Response that their First Amended Complaint "gave the impression that they were suing the Ohio Defendants in their 'official capacity.'" Doc. 149 at ¶¶ 26–28. Rather than argue against this defense to suit in this Court, Plaintiffs state that "[t]his error has been corrected in the Second Amended Complaint," mooting the Ohio Defendants' defense. *Id.* at ¶ 26; *see also id.* at ¶ 28 ("Now that Plaintiffs have amended the complaint to make it clear it is suit against the state officials in their individual capacities, the Eleventh Amendment issue raised by the Ohio Defendants is moot.") By arguing only that their Second Amended Complaint fixes a defect in their First Amended Complaint, Plaintiffs admit that their First Amended Complaint is barred by the Ohio Defendants' Eleventh Amendment immunity and should be dismissed.

## III. Plaintiffs' Complaint Must Be Dismissed for Lack of Personal Jurisdiction over the Ohio Defendants.

The Ohio Defendants also argued in their Motion to Dismiss that Plaintiffs' First Amended Complaint must be dismissed for lack of personal jurisdiction over them. Doc. 88 at 7–10. Rather than respond to the merits of this argument, Plaintiffs argue that their new RICO claim gives the Court pendant personal jurisdiction over their remaining claims—the same claims they alleged in their First Amended Complaint. *See* Doc. 149 at ¶¶ 15–17. While the Fifth Circuit has never addressed pendant personal jurisdiction, *see Nat'l Oil Well Varco, L.P. v. Sadagopan*, No. H-16-2261, 2017 U.S. Dist. LEXIS 107115, 2017 WL 2957908, at *5-*6 (S.D. Tex. July 11, 2017),

pendant personal jurisdiction "exists when a court possesses personal jurisdiction over a defendant for one claim, *lacks an independent basis for personal jurisdiction over the defendant for another claim* that arises out of the same nucleus of operative fact, and then, because it possesses personal jurisdiction over the first claim, asserts personal jurisdiction over the second claim." *Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 783 (N.D. Tex. 2008) (quoting *United States v. Botefuhr*, 309 F.3d 1263, 1272–73 (10th Cir. 2002)) (emphasis added).

By arguing for pendant personal jurisdiction in their Response, Plaintiffs concede that this Court lacks personal jurisdiction over the Ohio Defendants as to the original claims in their Amended Complaint. If this Court *had* personal jurisdiction over the Ohio Defendants as to those claims, it would not need pendant personal jurisdiction over them via the RICO claim alleged for the first time in Plaintiffs' Second Amended Complaint. Without Plaintiffs' new RICO claim, this Court has neither personal jurisdiction nor pendant personal jurisdiction over the claims in Plaintiffs' First Amended Complaint, the operative complaint in this case. As this Court clearly lacks personal jurisdiction over the Ohio Defendants, they should be dismissed.[2]

## IV. On the Merits, Plaintiffs Fail to State Any Claim for Relief Against the Ohio Defendants.

Finally, the Ohio Defendants argued in their Motion to Dismiss that the claims in Plaintiffs Amended Complaint fail to state any claim for relief against the Ohio Defendants. Doc. 88 at 10–14. Plaintiffs concede in their Response that their *Bivens* claim in inapplicable to the Ohio Defendants. *See* Doc. 149 at ¶ 46 ("Plaintiffs did not intended [sic] to bring Bivens claims against the Ohio Defendants and have cleared up that issue in the [Second Amended] Complaint as well"). And consistent with the rest of their Response, Plaintiffs' argument as to the merit of their 42

---

[2] The Ohio Defendants do not concede that this Court has personal jurisdiction or pendant personal jurisdiction over them even if Plaintiffs are permitted to assert their new RICO claim.

U.S.C. §§ 1983 and 1985 claims relies exclusively on the new allegations in their Second Amended Complaint.  *See id.* at ¶ 44 (citing the newly-alleged "pattern of racketeering" already discussed); *id.* at ¶ 45 (citing "paragraphs 223–25 of the Complaint," which must mean the Second Amended Complaint, as the First Amended Complaint has only 198 paragraphs).  As the Ohio Defendants argued in their Motion to Dismiss, Plaintiffs' claims against them are nothing more than "naked assertions devoid of further factual enhancement" and are exactly the kind of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that fails to state a claim for relief under *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009).  As a result, they should be dismissed.

## CONCLUSION

For the above reasons, as well as those set forth in their Motion to Dismiss (Doc. 88), Defendants Ohio Governor Mike DeWine and Ohio Secretary of State Frank LaRose respectfully request this Court to dismiss Plaintiffs' First Amended Complaint (Doc. 24).

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Caitlyn Nestleroth Johnson*
W. TRAVIS GARRISON (0076757)
CAITLYN NESTLEROTH JOHNSON* (0087724)
ANDREW D. MCCARTNEY* (0099853)
   **Admitted pro hac vice*
Assistant Attorneys General
Ohio Attorney General's Office
30 E. Broad Street, 14th Floor
Columbus, Ohio 43215
Tel: 614-752-4730 | Fax: 614-728-1172
Travis.Garrison@OhioAGO.gov
Caitlyn.Johnson@OhioAGO.gov
Andrew.McCartney@OhioAGO.gov

*Counsel for the Ohio Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 21, 2021, the foregoing was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance. Parties may access this filing through the Court's system.

                                          */s/ Caitlyn Nestleroth Johnson*
                                          CAITLYN NESTLEROTH JOHNSON (0087724)
                                          Senior Assistant Attorney General