**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **JENNILYN SALINAS, et al.,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **Case No. 6:21-cv-162-ADA-JCM** |
| | § | |
| **NANCY PELOSI, et al,** | § | |
| | § | |
| *Defendants.* | § | |

---

**MOTION AND BRIEF TO DISMISS PLAINTIFFS'
COMPLAINT, AS AMENDED, BY ARKANSAS DEFENDANTS**

---

Asa Hutchinson, Governor of Arkansas, and John Thurston, Arkansas Secretary of State, (collectively the "Arkansas Defendants"), move for the dismissal of Plaintiffs' First and Second Amended Complaints (Docs. No. 24, 145) pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction based upon the Eleventh Amendment, Rule 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(6) for failing to state a claim, and for the additional reasons shown in the following brief to dismiss.

## I.        STATEMENT OF THE CASE

This case presents the latest attempt in a line of unsubstantiated lawsuits looking to overturn the 2020 Presidential Election. In fact, this case is arguably the most unsupported yet. Plaintiffs allege, using a combination of unproven allegations and conspiracy theories that the two-party political establishment of the United States has been infiltrated and is currently being run by an organized group of wealthy elites. None of the Plaintiffs reside in the State of Arkansas, nor did they vote in the 2020 Presidential Election in Arkansas. Plaintiffs' sole basis of evidence is a *Time*

magazine article that supports their claim that every state in the Union, the United States Congress, and private individuals conspired to manipulate the 2020 Presidential Election to prevent Donald Trump from being re-elected (*See* Doc. No. 24 ¶¶ 14-32). Accordingly, Plaintiffs allege that the Defendants, including the Arkansas Defendants in their official capacities, conspired unconstitutionally to deprive them, along with every other United States citizen, the right to vote, thus, claiming the Defendants deprived them of a proper republican form of government.

Neither the Plaintiffs' complaint nor the *Time* magazine article explains or provides evidence as to how the Arkansas Defendants conspired to manipulate the 2020 Presidential Election. Moreover, Plaintiffs do not explain or allege how the Arkansas Defendants purposefully directed their conduct at Plaintiffs or Texas residents. The Arkansas Defendants are entitled to have this lawsuit dismissed, because, *inter alia*, a) the claim is barred by the Eleventh Amendment, b) this Court lacks personal jurisdiction over the Arkansas Defendants, c) the Plaintiffs lack standing, and d) the Plaintiffs have failed to state a claim under Fed. R. Civ. P. 12(b)(6).

Arkansas Defendants agree with and support Georgia Defendants' Motion to Strike Plaintiffs' Second Amended Complaint (Doc. No. 157). Thus, even if this Court does not strike Plaintiffs' Second Amended Complaint, with the exception of the arguments contained in Section (III)(A), the arguments against Plaintiffs' Second Amended Complaint (Doc. No. 145) apply equally to Plaintiffs' First Amended Complaint (Doc. No. 24). Accordingly, the Arkansas Defendants respectfully request this Court dismiss Plaintiffs' lawsuit with prejudice regardless of which complaint controls.

## II.    RULE 12(b) STANDARDS FOR DISMISSAL

Under Fed. R. Civ. P. 12(b), complaints should be dismissed where "some insuperable bar to relief is obvious from the face of the complaint." *Battle v. Liberty Nat. Life Ins. Co.*, 493 F.2d

39, 44 (5th Cir. 1974) (internal citations omitted).  When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party.  *Benfield v. Magee*, 945 F.3d 333, 336 (5th Cir. 2019) (citing *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  More specifically, when the alleged facts are taken as true, the complaint must raise more than a speculative right to relief. *Id*.  "That is, the well-pleaded facts must make relief plausible, not merely possible." *Magee*, 945 F.3d at 337 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Furthermore, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) (quoting *Hishon v. King and Spaulding*, 467 U.S. 69 (1984)); *Conley v. Gibson*, 355 U.S. 41 (1957).  This procedure operates on the assumption that the factual allegations in the complaint are true, and thus streamlines litigation by dispensing with needless discovery and fact-finding.  *Neitzke*, 490 U.S. at 327.  If, as a matter of law, construing the allegations in the complaint favorably to the pleader, it is clear that no relief could be granted under any set of facts, then the complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  *Adolph v. Fed. Emergency Mgmt. Agency*, 854 F.2d 732, 735 (5th Cir. 1988).  Moreover, Plaintiffs must show at least the prima facie elements of their claims.  *Twombly*, 550 U.S. at 555.

### III.   ARGUMENT AND CITATION OF AUTHORITIES

**A. Plaintiffs' Claims Against the Arkansas Defendants Are Barred by the Eleventh Amendment.**

The Eleventh Amendment bars suit against the Arkansas Defendants in their official capacities. A federal court cannot hear a case "against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has held that a citizen was barred from suing his or her own state because of the state's sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). In *Hans*, the Court interpreted the Constitution and, specifically, the Eleventh Amendment to support a state's sovereign immunity from a suit by its own citizen because it would be anomalous that the Eleventh Amendment would recognize sovereign immunity from citizens of foreign states but not its own citizens. 134 U.S. at 18. In addition, the Eleventh Amendment bars a party seeking liability payment from a state's coffers for retrospective relief. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). In order for a citizen to sue his or her own state, the state must have waived its immunity or consented to the suit under the Eleventh Amendment. *Id*. at 672. "In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction." *Id*. at 673 (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)) (internal quotations omitted). "The suability of a state, without its consent, was a thing unknown to the law." *Hans*, 134 U.S. at 16; *see also Alden v. Maine*, 527 U.S. 706, 758 (1999) (Maine had not consented to be sued and therefore retained its sovereign immunity).

Plaintiffs' lawsuit against the Arkansas Defendants is barred by the Eleventh Amendment's grant of sovereign immunity. The plain language of the Eleventh Amendment bars this lawsuit,

because it unequivocally prevents suits "against one of the United States by Citizens of another State." This lawsuit is against the Arkansas Defendants in their official capacities; therefore, it is a suit against "one of the United States," while Plaintiffs in this case are citizens of other states, including New York, Texas, and Washington (Doc. No. 24, p. 26). Moreover, Arkansas has not consented to being sued nor has Arkansas waived its sovereign immunity. Accordingly, the Arkansas Defendants respectfully request that this case be dismissed as it is barred by the Eleventh Amendment.

**B.  This Court Lacks Personal Jurisdiction over the Arkansas Defendants.**

This case against the Arkansas Defendants must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because this Court lacks personal jurisdiction. The bedrock case on the issue of personal jurisdiction over an out-of-state defendant is *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). For a court to have personal jurisdiction over a non-resident defendant, due process required that the non-resident defendant have "minimum contacts" with the forum state so that the "the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co.*, 326 U.S. at 316. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (internal quotations and citations omitted). Along with this, the defendant's conduct must create a connection with the forum state. *Id*.  In determining whether an out-of-state defendant's contact has been sufficient enough to establish personal jurisdiction, courts must consider a few aspects. "First, the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Id*. (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)) (emphasis in the original). Second, the relationship is based upon the defendant's conduct with the forum state, and not to a

person in the forum state. *Id* at 285. "[T]he plaintiff cannot be the only link between the defendant and the forum." *Id*. "In other words, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 582 U.S.__, 137 S.Ct. 1773, 1780 (2017).

The Fifth Circuit has recognized that the long-arm statute of Texas comports with the Due Process Clause. *Defense Distributed v. Grewal*, 971 F.3d 485, 490 (5th Cir. 2020).  Thus, in determining whether a defendant has had sufficient minimum contacts to comply with the standards of due process, the Fifth Circuit has developed the following three-step analysis:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Id*. (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006))

The due process requirements for personal jurisdiction must be met as to each defendant. *Bristol-Myers Squibb*, 137 S.Ct. 1773 at 1783.

In this case, Plaintiffs cannot show that the Arkansas Defendants had ***any contact***—and certainly not sufficient minimum contacts—with the State of Texas to satisfy the requirements of due process.  Given that the Arkansas Defendants did not have any contact with Texas, this Court having personal jurisdiction over them would "offend traditional notions of fair play and substantial justice." *See International Shoe Co.*, 326 U.S. at 316. Accordingly, the Arkansas Defendants respectfully request that this Court dismiss the lawsuit against them pursuant to Fed. R. Civ. 12(b)(2).

C. **Plaintiffs Lack Standing to Bring this Lawsuit.**

To have standing under Article III of the Constitution, a plaintiff must establish three irreducible constitutional minimum elements. "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992)). The burden is on the plaintiff to show that he or she is the "proper party to invoke judicial resolution of the dispute." *United States v. Hays*, 515 U.S. 737, 743 (1995).

These constitutional standing requirements ensure that the federal court's power is limited only to "Cases" and "Controversies" as required by Article III, § 2 of the Constitution. *Spokeo*, 136 S.Ct. at 1547. Thus, the constitutional standing requirements ensure that the judicial branch does not overreach its constitutional authority and traverse into issues reserved for other political branches. To avoid the courts from usurping the powers of the political branches, the Supreme Court has repeatedly held that a "generalized grievance" against the government is not a sufficient for standing as it is neither a "case" nor a "controversy." *Hays*, 515 U.S. at 743. A generalized grievance is inconsistent with Article III of the Constitution because the injury to the plaintiff is not unique and is "common to all members of the public." *Lujan*, 504 U.S. at 575, quoting *United States v. Richardson,* 418 U.S. 166, 170 (1974); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997) ("an interest shared generally with the public at large in the proper application of the Constitution and laws will not do").

This prohibition against generalized grievances is embodied in the constitutional standing requirement that a party must show it has suffered an injury in fact. To have an injury in fact, a plaintiff must show harm to a protected interest that is "(a) concrete and particularized, and (b)

actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal citations omitted). "For an injury to be 'particularized,' it must be shown to affect the plaintiff in a personal and individualized way." *Spokeo*, 136 S.Ct. at 1548, citing *Lujan*, 504 U.S. at 560.

For an injury to be concrete, "it must actually exist"; it must be "real." *Spokeo*, 136 S.Ct. at 1543, 1548. In his concurring opinion, Justice Thomas explains that the requirement that an injury in fact must be concrete is derived from the historical proceedings of the common-law courts and a person's ability to claim an injury of a "public right" as opposed to one of a "private right." *Id.* at 1552 (Thomas, J., concurring). Historically, to present "a claim for the violation of public rights, [plaintiffs] had to allege that the violation caused them "some extraordinary damage, beyond the rest of the community." *Id.* at 1551 (quoting 3 W. Blackstone, Commentaries *220). As a result, historical doctrine required that "when a plaintiff seeks to vindicate a public right, the plaintiff must allege that he has suffered a 'concrete' injury particular to himself." *Id.* at 1552. To be an injury in fact, the injury must be concrete in both qualitative and temporal senses. 15 James Wm. Moore, et al., *Moore's Federal Practice* § 101.40[4][a], 101-33 (3d ed. 2008). Another legal commentator explains that the requirement that a party have an injury in fact that is concrete serves two important purposes: "First, it serves to ensure that the particular plaintiff has a genuine grievance or injury and is not acting in the 'abstract' as a self-appointed guardian of the rule of law…Second, the injury requirement enables the Court to distinguish genuine injuries from what it has termed 'generalized grievances,' disputes over matters better left to the political branches." James E. Pfander, *Principles of Federal Jurisdiction*, § 2.6.1, 31-32 (Thomson/West 2006).

"Injury in fact is a constitutional requirement, and it is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Spokeo*, 136 S.Ct. at 1547-48 (citations omitted). Without Article

III standing, a plaintiff lacks all standing that cannot be cured by Congress or by the courts. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The Supreme Court has repeatedly held that the constitutional standing requirements are irreducible. *Lujan*, 504 U.S. at 560; *see also Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) ("at an irreducible minimum, Art. III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant"). If Congress could simply convert a public right against the government into a private right, then Congress would have the ability to transfer constitutional powers among the branches of the government. *Lujan*, 504 U.S. at 577. Granted, Congress has the authority to identify injuries, but Congress cannot trump the standing requirements of the Constitution. "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 136 S.Ct. at 1549.

Plaintiffs cannot show a "concrete" injury in this case, because they cannot show an injury that is actual and real; therefore, they lack standing to bring this lawsuit. *See Spokeo*, 136 S.Ct. at 1547. Additionally, Plaintiffs cannot provide evidence that shows that they have suffered an injury that is unique to them and not common to the public at large. *See Lujan*, 504 U.S. at 575. Rather, Plaintiffs are acting as a "self-appointed guardian of the rule of law," the epitome of a generalized grievance, which the Supreme Court has repeatedly stated is not a "case" or "controversy" under Article III. *See Hays*, 515 U.S. at 743; *Lujan*, 504 U.S. at 575. Consequently, Plaintiffs lack standing under the Constitution; therefore, they have no standing at all. *See Spokeo*, 136 S.Ct. at 1547-48; *Warth*, 422 U.S. at 498. Accordingly, Plaintiffs' case should be dismissed with prejudice.

**D.  Plaintiffs Have Failed to State a Claim Against the Arkansas Defendants pursuant to Fed. R. Civ. P. 12(b)(6).**

Plaintiffs' First Amended Complaint (Doc. No. 24) and Plaintiffs' Second Amended Complaint (Doc. No. 145), individually and combined, fail to state a valid claim for relief against the Arkansas Defendants as required by Fed. R. Civ. P. 12(b)(6).  Although a complaint need not contain "detailed factual allegations," it must show that the plaintiff has grounds which entitle the plaintiff to relief against each defendant. *White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 307 (5th Cir. 2021). "Because the notice pleading requirement of the Federal Rules of Civil Procedure entitle each defendant to know what he or she did that is asserted to be wrongful, allegations based on a "theory of collective responsibility" cannot withstand a motion to dismiss." *Martinez v. City of North Richland Hills*, 846 Fed.Appx. 238, 243 (5th Cir. 2021). Moreover, this Court cannot accept as true "legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield v. Magee*, 945 F.3d 333, 336-37 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678) (cleaned up). In other words, the complaint must contain well-pleaded facts, which make relief plausible. *Id*.

This lawsuit against the Arkansas Defendants must be dismissed, because Plaintiffs' First Amended Complaint fails to state a claim beyond cursory and general allegations, and fails to show that Plaintiffs are entitled to relief. *See White*, 996 F.3d at 307. Moreover, the First Amended Complaint does not provide the Arkansas Defendants with sufficient notice to know with specificity what they did that Plaintiffs claim to be wrongful. *See Martinez*, 846 Fed.Appx. at 243.

Likewise, Plaintiffs' Second Amended Complaint (Doc. No. 145) fails to state a claim for relief for the same reasons stated above. Specifically, Plaintiffs fail to adequately support their allegation of a Racketeer Influenced and Corrupt Organization Act (RICO) claim, because a claim brought pursuant to 18 U.S.C. § 1962(c) requires a heighten pleading standard, which includes

plausibly alleging that the violation was the proximate cause of Plaintiffs' injuries. *See Molina-Aranda v. Black Magic Enterprises, L.L.C.*, 983 F.3d 779, 784 (5th Cir. 2020). Accordingly, the Arkansas Defendants respectfully request that this Court dismiss the lawsuit against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## IV.    CONCLUSION

For the foregoing reasons stated herein, Plaintiffs' claims against the Arkansas Defendants must be dismissed with prejudice.

Respectfully submitted,

Vincent P. France
Assistant Attorney General

*/s/ Vincent P. France*
Vincent P. France
Ark Bar No. 2010063
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
PH: (501) 682-2007
Fax: (501) 682-2591
Email: Vincent.france@arkansasag.gov
*Attorney for Arkansas Defendants*
Admitted Pro Hac Vice

## **CERTIFICATE OF SERVICE**

      I, Vincent P. France, hereby certify that on June 24, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that a true and correct copy of the foregoing document was sent via the Court's ECF system to all registered parties:

*/s/ Vincent P. France*
Vincent P. France
