UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISON

| | | |
|---|---|---|
| JENNILYN SALINAS, LINDSEY NGUYEN, DEANNA LORRAINE, et al. | § § § § | |
| Plaintiffs. | § § | |
| v. | § § | CIVIL ACTION NO. 6:21-CV-162 |
| NANCY PELOSI, MITCH McCONNELL, CHUCK SCHUMER, MARK ZUCKERBERG, et al. | § § § § § | |
| Defendants. | § | JURY TRIAL REQUESTED |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
BRAD RAFFENSPERGER AND BRIAN KEMP'S MOTION TO STRIKE**

COME NOW, Jennilyn Salinas, Lindsey Nguyen, Deanna Lorraine, "P.P.," "D.D.," "T.M.," "S.M.," and "M.L." (collectively, "Plaintiffs"), by and through their attorney, Paul M. Davis, to bring this Response to Motion to Strike of Defendants Georgia Governor Brian Kemp and Brad Raffensperger, and in the Alternative, Motion for Leave to Amend.

1.  Plaintiffs never served their Original Complaint because former Plaintiff Jeremy Bravo had a change of heart and insisted on being dropped from the case immediately. Accordingly, Plaintiffs amended only to drop Mr. Bravo from the case, and then proceeded to serve the only First Amended Complaint. From Plaintiffs' view, the First Amended Complaint functioned as though it were the Original Complaint for the purposes of Rule 15(a)(1). The Georgia Defendants then

filed a motion to dismiss and Plaintiffs filed the Second Amended Complaint within 21 days of the Georgia Defendants' motion pursuant to Rule 15(a)(1)(B).

2. Plaintiffs intended to argue that the Second Amended Complaint did not require leave and also intended to seek leave to file as alternative relief. However, since filing the Second Amended Complaint, Plaintiffs have suffered severe setbacks due to a bad actor in their own camp who was acting as a staffer for the legal team in charge of interfacing with witnesses and collecting and summarizing the evidence supporting Plaintiffs' pleadings. After being confronted regarding suspected deceptive behavior, this individual has now cut ties with Plaintiffs and is refusing to turn over the evidence in his possession that supported the factual allegations in the Second Amended Complaint and is threatening to destroy the same. *See* Exhibit A.

3. Accordingly, Plaintiffs have decided not to oppose the Motion to Strike the Second Amended Complaint (Doc. No. 157) because this incident casts significant doubt on whether Plaintiffs will be able to support the allegations contained in the Second Amended Complaint, and Plaintiffs do not wish to prejudice Defendants by requiring them to respond to allegations that are dependent on evidence Plaintiffs may or may not be able to recover.

4. Therefore, as alternative relief, Plaintiffs seek the relief described in Exhibit B attached hereto. Exhibit B is a draft of a motion for extending all deadlines in this case while Plaintiffs sort out the issue with their evidence and other issues described in Exhibit B. Plaintiffs are still waiting to hear back from several Defendants who have made appearances to see if they oppose or do not oppose this

motion, but intend to file the motion attached as Exhibit B tomorrow to give them a chance to address the issues identified therein and recover from their recent misfortune and gather the necessary resources to continue to litigate.

**WHEREFORE**, Plaintiffs agree that the Second Amended Complaint be struck from the record and urge the Court to grant Plaintiffs' motion to be filed on June 25, 2021 as alternative relief and for all other and further relief as may be just.

Respectfully submitted this June 24, 2021.

/s/ *Paul M. Davis*
Paul M. Davis
Texas Bar Number 24078401
paul@fireduptxlawyer.com
PAUL M. DAVIS & ASSOCIATES, P.C.
5720 Frisco Square Blvd., # 2066
Frisco, TX 75034
Phone: 469-850-2930

ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I certify that I have served the foregoing response on all counsel of record who have made appearances in this action to date via the court's ECF notification system on June 24, 2021.

/s/ *Paul M. Davis*
Paul M. Davis