# EXHIBIT B

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISON

| | | |
|---|---|---|
| JENNILYN SALINAS, LINDSEY NGUYEN, DEANNA LORRAINE, et al. | § § § § | |
| Plaintiffs. | § § | |
| v. | § § | CIVIL ACTION NO. 6:21-CV-162 |
| NANCY PELOSI, MITCH McCONNELL, CHUCK SCHUMER, MARK ZUCKERBERG, et al. | § § § § § | |
| Defendants. | § | JURY TRIAL REQUESTED |

**PLAINTIFFS' MOTION TO EXTEND ALL CURRENT DEADLINES**

COME NOW, Jennilyn Salinas, Lindsey Nguyen, Deanna Lorraine, "P.P.," "D.D.," "T.M.," "S.M.," and "M.L." (collectively, "Plaintiffs"), by and through their attorney, Paul M. Davis, to bring this Motion to Extend All Current Deadlines in case and respectfully represent the following:

## I.
## RELIEF REQUESTED

1. For good cause and not for delay according to the reasons set forth below, Plaintiffs request an extension of all current deadlines in this case by 90 days from the filing of this Motion. For the reasons set forth herein, Plaintiffs have decided not to oppose the Motion to Strike the Second Amended Complaint (Doc. No. 157). Instead, due to unforeseen and severe setbacks caused by a saboteur on their own team, which Plaintiffs describe herein, Plaintiffs request a 90-day pause in proceedings to recover from these setbacks after which they intend to file a motion

for leave to file a second amended complaint commensurate with the state of Plaintiffs' resources and supporting evidence at the end of the 90-day extension period.

2.     Essentially, Plaintiffs are requesting time to reevaluate and the chance to get a fresh start with an amended complaint that is workable under the circumstances.  Specifically, Plaintiffs request that no Defendant be required to respond to the First Amended Complaint.  Plaintiffs additionally request that their deadline to respond to the DSCC and DCCC's Motion to Dismiss (Doc. No. 148) be extended to September 23, 2021.  Plaintiffs further request if any other Defendants files a motion to dismiss (notwithstanding the relief requested in this Motion) after the filing of this Motion, that Plaintiffs' deadline to respond to such motion be extended to September 23, 2021.

3.     If, after considering Plaintiffs' plight described herein, the Court is inclined to grant Plaintiffs' request for the 90-day extension of deadlines to conclude on September 23, 2021.  On or before September 23, 2021, Plaintiffs will file a motion for leave to file a second amended complaint.  If the motion for leave is granted, Plaintiffs request that the Defendants named in that second amended complaint be given 60 days to respond.  This request will apply to all Defendants whether they have already responded to the First Amended Complaint or not.

4.     The Defendants not named in that second amended complaint will be voluntarily dismissed.  If the motion for leave is not granted, Plaintiffs will likely take

the denial up on appeal or voluntarily dismiss this action, depending on the circumstances in existence at that time.

## II.
## BACKGROUND

5. Plaintiffs have brought this case in good faith to put an end to the pervasive political corruption that resulted in a catastrophic and purposeful breach of integrity in the 2020 federal elections that deprived millions of Americans of their civil rights related to voting and freedom of speech. This corruption will only continue to metastasize into future election cycles unless common citizens like Plaintiffs stand up for the right of the people to free and fair elections to federal office.

6. Unfortunately, Plaintiffs have suffered severe setbacks in this case over the last few weeks as the result of a bad actor and saboteur in their own camp. Plaintiffs and counsel were assured many times over that financial resources and a cadre of co-counsel and legal staff were on the verge of being provided to give Plaintiffs the ability to litigate their claims against the vast array of Defendants in this case. Unfortunately, these assurances turned out to be empty promises presumably designed to lead Plaintiffs on and discredit their legitimate claims in this case.

7. To make matters worse, the same individual responsible for leading Plaintiffs on was also responsible for managing, reviewing, and summarizing much of the evidence being presented to Plaintiffs' counsel from various witnesses to support many of the factual allegations in Plaintiffs' pleadings. This individual has now parted ways with Plaintiffs' legal team after being confronted on various

suspected deceptions and is now refusing to turn over this evidence that was in his possession and that supports many of Plaintiffs' claims in their pleadings. Not only is he refusing to turn the evidence over, but this individual has now indicated he is going to destroy the evidence. *See* Exhibit A (email threatening to destroy evidence and response). Accordingly, Plaintiffs put him on notice they are serving him with a subpoena to produce the evidence in his possession so that Plaintiffs can verify the authenticity and veracity of the information and evidence to determine which factual allegations they can reasonably expect to support before proceeding further.

8. While waiting for the falsely assured funding, co-counsel, and additional staff to be provided, Plaintiffs have already worked very hard to raise money at the grassroots level to accomplish the extraordinary task of serving the numerous Defendants in this case to accomplish their goal of ending political corruption and restoring the republic envisioned and guaranteed in the Constitution.

9. Obviously, this situation puts Plaintiffs in a quandary. Plaintiffs are currently without the resources to move this case forward any further without additional time to secure alternative funding sources and hire more staff and co-counsel. Plaintiffs' counsel has now worked on this case since January without compensation and cannot afford to do so much longer. At the same time, Plaintiffs and counsel still very much believe in the general merits of their case and do not wish to waste the hard-earned donations from their grassroots supporters, which they used to achieve service of the Defendants.

10. Furthermore, while Plaintiffs filed the additional allegations contained in the Second Amended Complaint in good faith based on the documents and information received from witnesses as presented by their former staffer, that evidence is no longer in Plaintiffs' possession. Thus, Plaintiffs need time to recover this evidence and confirm it supports the factual allegations provided by the former member of their team before moving forward.

11. Accordingly, Plaintiffs will not oppose the Motion to Strike (Doc. No. 157) filed by Defendants Raffensperger and Kemp. Instead, Plaintiffs request 90 days to clean up the mess left by their former staffer to evaluate which claims and which Defendants they can reasonably keep in this case depending on the state of their evidence and resources at the end of the proposed 90-day period. On or before the 90 days expire on September 23, Plaintiffs will file a motion for leave to amend their complaint to cut the case down to a reasonable size commensurate with their resources and the evidence in their possession at that time.

12. It may very well be that Plaintiffs decide to keep only the Texas resident Defendants and some other Defendants who unequivocally directed contacts at Texas in this particular action and may look at dividing up the case into parallel cases in other states to avoid the need to litigate issues of personal jurisdiction over certain out-of-state defendants.

13. Regarding, their response DSCC and DCCC's Motion to Dismiss (Doc. No. 148), Plaintiffs wish to rely on many of the factual allegations in their Second Amended Complaint. But, of course, Plaintiffs now need to time to determine which

of these allegations they can reasonably expect to support in a putative amended complaint depending on how the effort to recover their lost evidence plays out.

14. Plaintiffs do not wish to prejudice any Defendants by requiring them to continue to respond to a lawsuit for which Plaintiffs now lack practical means to litigate. Accordingly, Plaintiffs request an extension of all deadlines in this case by 90 days in order to avoid wasting the donations they collected to achieve service. Plaintiffs urge the Court to give them a chance to recover from this unforeseen setback to reorganize this case into something manageable and commensurate with the state of their evidence and resources at the end of the 90 days so that their efforts to date will not be wasted and so that justice may be served.

### III.
### ARGUMENT AND AUTHORITY

15. If the party asks for additional time before the deadline expires, the party should show good cause. Fed. R. Civ. P. 6(b)(1)(A); *Tindall v. First Solar Inc.*, 892 F.3d 1043, 1048 (9th Cir.2018); *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016). Good cause is a non-rigorous standard that has been construed broadly. *E.g., Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259–60 (9th Cir.2010) (court improperly denied motion to extend when requested relief was reasonable and justified and would not result in prejudice to any party). In addition, Rule 4(m) provides, "[I]f the plaintiff shows good cause for failure to serve a defendant within 90 days after the complaint is filed, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

16. Here, good cause exists to extend all current deadlines in this case because Plaintiffs raised funds from grassroots supporters to serve a massive amount of Defendants with process in order to achieve the good purpose of correcting a grievous injustice whereby the integrity of the 2020 elections was breached by pervasive violations of federal election integrity laws designed to protect the civil rights of Plaintiffs and putative class members.

17. Plaintiffs received assurances from a well-connected member of their team who has a history of raising capital for large projects that Plaintiffs would receive the necessary funding for litigation costs and would be able hire a team of co-counsel and staff to manage this litigation. These guarantees turned out to be false promises, so now Plaintiffs need time to secure alternative funding sources.

18. In addition, this team member was Plaintiffs' liason to many witnesses who contributed evidence and testimony to support many of Plaintiffs' claims in this lawsuit. This team member has parted ways with Plaintiffs and is now refusing to turn over the evidence and witness contacts and threatening to destroy the same. Plaintiffs now need time to serve a subpoena on this individual to recover possession of the evidence and witness contacts needed to support their claims and to have a more trusted team member conduct a fresh review of this evidence before Plaintiffs move forward.

19. Defendants will not be prejudiced by a 90-day extension of deadlines and Plaintiffs will have a reasonable chance to recover from this unforeseen setback. The purpose of the request for extension is for Plaintiffs to have a chance to regroup and

reorganize this case into a form that is commensurate with the state of their evidence and resources at the end of the proposed 90-day period.

20. Finally, if Plaintiffs file a successful motion for leave to file a second amended complaint at the end of the 90-day period, Plaintiffs request that all Defendant named in the second amended complaint have 60 days to respond to that amended complaint.

WHEREFORE, Plaintiffs request that the Court grant this motion by extending ordering the following relief as reflected in the attached proposed order and all other relief to which they may be justly entitled:

(1) No Defendant shall be required to respond to Plaintiffs' First Amended Complaint (Doc. No. 24).

(2) On or before, September 23, 2021, Plaintiffs shall file a motion for leave to file a second amended complaint with the proposed amended complaint attached thereto.

(3) If the Court finds good cause to grant Plaintiff's motion for leave, then the Defendants named therein shall have 60 days to respond to the amended complaint beginning from the date of service thereof.

(4) Plaintiffs' deadline to respond to the Motion to Dismiss (Doc. No. 148) filed by the Democratic Senatorial Campaign Committee and the Democratic Congressional Campaign Committee shall be extended to September 23, 2021.

(5) If any other motion to dismiss is filed after June 25, 2021, Plaintiffs shall not be required to respond to the same prior to September 23, 2021.

Respectfully submitted this June 25, 2021.

/s/ *Paul M. Davis*
Paul M. Davis
Texas Bar Number 24078401
paul@fireduptxlawyer.com
PAUL M. DAVIS & ASSOCIATES, P.C.
5720 Frisco Square Blvd., # 2066
Frisco, TX 75034
Phone: 469-850-2930

ATTORNEY FOR PLAINTIFFS