UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| Jennilyn Salinas, et. al, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 6:21-CV-162 |
| Nancy Pelosi, el al., | § § § | |
| Defendants. | § | |

**MOTION TO DISMISS DEFENDANTS LAURA KELLY AND SCOTT SCHWAB AND BRIEF IN SUPPORT**

<u>Motion</u>

Pursuant to Federal Rule of Civil Procedure Rules 12(b)(2) [lack of personal jurisdiction] and 12(b)(1) [lack of subject matter jurisdiction], Kansas Governor Laura Kelly and Kansas Secretary of State Scott Schwab (collectively the "Kansas Defendants"), move for their dismissal for the reasons shown in the following and, in particular:

- The Court does not possess personal jurisdiction over the Kansas Defendants; and

- Furthermore, Eleventh Amendment immunity bars Plaintiffs' claims against the Kansas Defendants.

1

## Plaintiffs' Allegations

This motion addresses the First Amended Complaint (ECF No. 24).

Plaintiffs have not served the Kansas Defendants with the Second Amended Complaint, ECF No. 157. On June 24, 2021, Plaintiffs' counsel announced that they were abandoning the Second Amended Complaint, but would seek leave to amend their pleadings. ECF No. 168, at 3 ("Plaintiffs agree that the Second Amended Complaint be struck from the record").

The Kansas Defendants are not specifically mentioned in the First Amended Complaint. They are grouped with all state governors and secretaries of list and are shown to be sued in their "official capacity" in an exhibit to the complaint. ECF No. 24 ¶ 66, No. 24-3 at 4.

The named Plaintiffs, none of which reside in Kansas or voted in the 2020 Kansas Presidential Election in Kansas, ECF No. 24 ¶¶ 47-54, rely on an article from Time Magazine to support their claims that the 2020 Presidential Election was rigged by one big conspiracy involving every state in the Union, the United States Congress, and private individuals to prevent Donald Trump from being reelected. ECF No. 24 ¶¶ 14-32; *see also id*.¶ 16 (stating "Plaintiffs could likely state their entire claims upon which relief could be granted by merely cutting and pasting only the [Time article] in its entirety into the factual allegations section[.]"); Exhibit 1 to First Amended Complaint). As a result, Plaintiffs say that the Defendants conspired to violate state and federal laws and the constitution to unconstitutionally deprive them–along with every single United States citizen–of

the right to vote, dilute their vote, and deprive them a republican form of government. *See* ECF No. 24 ¶¶ 80, 82, 84, 89, 121-165; *see also id.* 24 at 1-2 (stating that the Defendants actions harmed "all 328 million Americans[.]").

Importantly, Plaintiffs' complaint does not even mention how the Kansas Defendants engaged in this alleged conspiracy and neither does the Time article that they rely upon. *See generally* ECF No. 24). Rather, the Time article appears to be an opinion piece detailing the exercise of a group of private persons' First Amendment rights without ever mentioning anyone from Kansas. *See* ECF. No. 24-1.

Moreover, not only does the Plaintiffs' First Amended Complaint and the Time article they rely on fail to explain how the Kansas Defendants allegedly engaged in a conspiracy to rig the 2020 Presidential Election, they do not even mention whether any of the Kansas Defendants' actions–which they do not specify–were purposefully directed at Plaintiffs or residents of Texas or that the Kansas Defendants have general business contacts with Texas so as to provide this Court with personal jurisdiction.

Likewise, Plaintiffs allegations regarding their election speech claims state nothing specific about the Kansas Defendants. They assert that "Defendants [sic] acts described herein" interfered with and retaliated against Plaintiffs' speech concerning suspected fraud in the 2020 Federal Election and protest about Congress' counting of Electoral College votes on January 6, 2021. ECF No. 24

¶¶ 4, 40, 99- 103, 131, 159, 183[1]. But the "State Defendants" are not mentioned in any of the paragraphs asserting supposed speech interference so it is unclear if "Defendants [sic] acts described here" includes the Kansas Defendants or any other State Defendants.

Plaintiffs specifically address the Kansas Defendants only in the First Amended Complaint's exhibits. Exhibit 3 lists Governor Kelly and Secretary Schwab, providing their business addresses. ECF No. 24-3 at 4. Exhibit 5 is supposed to list each State's specific violation of HAVA. ECF No. 24 ¶ 120. Ironically, the exhibit confirms that the Kansas Defendants did not participate in the alleged conspires. It reads:

> 16. **Kansas.**
>
> **General election changes**
>
> Kansas did not modify any procedures for the November 3, 2020, general election.

ECF No. 24-5, at 9 (emphasis original).

---

[1] Allegations in paragraph 183 expand on the earlier allegation in the complaint by stating that the FBI has targeted, intimidated and arrested many American who were "peacefully exercising their First Amendment rights" at the US Capitol.

## Argument

### 1.   The Court lacks personal jurisdiction over the Kansas Defendants.[2]

This Court lacks personal jurisdiction over the Kansas Defendants, as haling the Kansas Defendants to a Texas court for official actions taken in Kansas to run a Kansas Election would offend traditional notions of fair play and substantial justice.

A federal court's exercise of personal jurisdiction must "comport with the limits imposed by federal due process." *Walden v. Fiore*, 571 U.S. 277, 283 (2014). Due process requires a nonresident to have "certain minimum contacts ... such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). This inquiry "focuses on the relationship among 'the defendant, the forum, and the litigation.'" *Id.* at 284 (*quoting Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). "For a State to exercise jurisdiction

---

[2] This lawsuit suffers innumerous legal flaws that justify its dismissal, including the inability of a federal court to order the unprecedented injunctive relief demanded; the alleged violations of HAVA and CRA of 1960 do not support a private claim under Section 1983; rights conferred by the Guaranty Clause do not support a nonpolitical, justiciable claim; failure to state a plausible claim for conspiracy against under any theory; private entities may [ ] exercise editorial discretion over the speech and speakers in the forum; Sections 1985 and 1986 pertain racial discrimination not alleged in this case; the First Amendment bars many of plaintiffs' claims and *Bivens* is not applicable to the alleged constitutional violation(s) and does not apply to state officials in any event.

The Kansas Defendants do not waive these defenses. However, they are not presented in this motion because the very point of the due process component of personal jurisdiction and subject matter jurisdiction is that the Kansas Defendants must not be put to that task before this Court.

consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." *Id.* at 286 (quotation omitted) (emphasis added). The required substantial connection between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State. *Hanson v. Denckla,* 357 U.S. 235, 253 (1958).

Plaintiffs have pleaded no facts to explain why a federal court in Texas would have personal jurisdiction over the Governor and the Secretary of State of Kansas for actions done in Kansas pertaining to a Kansas election that affects Kansas voters, not a Texas election or Texas voters. In fact, in the paragraph of Plaintiffs' complaint where they maintain that this Court has personal jurisdiction over certain Defendants, they allege only that this Court has personal jurisdiction over the "federal elected officials and private individuals named as Defendants," not any of the State Defendants. ECF No. 24 ¶ 71.

Plaintiffs do not plead facts showing the required minimum contacts through specific jurisdiction. To establish specific jurisdiction, "the suit must arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., SF.*, 137 S. Ct. 1773, 1780 (2017) (alternations omitted) (internal quotation marks and citation omitted). "In other words, there must be an

6

affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* Absent this connection, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 1781. Stated another way, to show minimum contacts between an out-of-state defendant and the forum state, the defendant must have at least "aimed" its challenged conduct at the forum State. *Calder v. Jones*, 465 U.S. 783, 789 (1984).

As expressed above, Plaintiffs fail to allege any facts that the Kansas Defendants' actions were purposefully directed at residents of Texas and that the litigation results from alleged injuries that arose out of or are related to those activities alleged. In fact, giving Plaintiffs' allegations every benefit of the doubt by assuming the Kansas Defendants did something, their supposed actions targeted the National Election according to Plaintiffs, not the Texas Plaintiffs.

Plaintiffs also do not plead facts showing the required minimum contacts through general jurisdiction. General jurisdiction exists over a non-resident defendant when its "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation omitted). However, properly so, Plaintiffs have not asserted that the sovereign State of Kansas, inclusive of the Kansas Defendants sued in their official capacities, has general

business contacts making them "essentially at home" in Texas to support general jurisdiction.

Plaintiffs may argue the alleged conspiracy among the Defendants brings the Kansas Defendants into this Court jurisdiction of their "persons." Not so, for two reasons. First, case law in this circuit confirms that jurisdiction over non-residents is not conferred merely because of personal jurisdiction over one alleged conspirator. *See Thomas v. Kadish,* 748 F.2d 276, 282 (1984), *cert. denied*, 473 U.S. 907 (1985). *See also M & F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co., Inc.*, 512 S.W.3d 878, 887 (Tex. 2017) ("nonresident's alleged conspiracy with a Texas resident does not confer personal jurisdiction over the nonresident in Texas").

*Delta Brands, Inc. v. Danieli Corp.*, No. CIV.A.3:02-CV-0081-N, 2003 WL 22255699, at *7 (N.D. Tex. Sept. 29, 2003), *aff'd*, 99 F. App'x 1 (5th Cir. 2004), discussed this as follows:

> Delta's second argument is that specific jurisdiction can be exercised over Danieli USA due to its status as a co-conspirator with Danieli & C and SSAB in the fraudulent misappropriation of trade secrets. This view has been squarely rejected by the Fifth Circuit. *See, e.g., Thomas v. Kadish,* 748 F.2d 276, 282 (1984), *cert. denied*, 473 U.S. 907 (1985) (holding that the effects of an alleged conspiracy in the forum state are insufficient to grant the Court personal jurisdiction over non-resident co-conspirators); *see also National Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 773 (Tex.1995) ("[W]e decline to recognize the assertion of personal jurisdiction over a nonresident defendant based solely upon the effects or consequences of an alleged conspiracy with a resident in the forum state.") ("[D]ue process will not permit the plaintiff to use insignificant acts in the forum to assert jurisdiction over all co-conspirators."); *Hawkins v. Upjohn Co.*, 890 F.Supp. 601, 608-609 (S.D.Tex.1994).

8

*Id*. Second, Plaintiff must provide a factual basis for each element of a conspiracy before such a claim give traction to a personal jurisdiction claim. *Delta Brands, Inc.* discussed this point as well, saying:

> Furthermore, to establish a prima facie case for personal jurisdiction over Danieli USA, Delta must provide a factual basis for each element of the conspiracy claim. …. As a matter of law, [ ] conclusory allegations are insufficient. See Jefferson v. Lead Indus. Ass'n, Inc., 106 F.3d 1245, 1250 (5th Cir.1997) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"); Guidry v. United States Tobacco Co., 188 F .3d 619, 631-32 (5th Cir.1999) ( "a general allegation of conspiracy without a statement of the facts constituting that conspiracy is only an allegation of a legal conclusion").

*Delta Brands, Inc.,* at *7.

Plaintiff has provided no reason why this Court should find personal jurisdiction in a case like ours where no other court has done so. We have not located an analogous case in this circuit concerning a claim to personal jurisdiction over non-resident state officials sued in their official capacity. It appears that no one has presented such a strained argument in the circuit. However, were litigants tried before the District Court of the District of Columbia, the court announced the lack personal jurisdiction over nonresident state officials an indisputable proposition. *See Wisconsin Voters All. v. Pence*, No. CV 20-3791, 2021 WL 23298, at *2 (D.D.C. Jan. 4, 2021).

In summary, the Supreme Court has routinely said "[f]or a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State," *Walden*, 571 U.S. at 284. This is certainly not the case here. The Kansas Defendants did not create

9

contacts with Texas by overseeing or certifying an election in Kansas. Even if it could be plausibly alleged that the Kansas Defendants' conduct created a contact with Texas, their actions and any resultant harm would merely be "a random, fortuitous, or attenuated contact," which is not sufficient to bring them into Texas courts. *Id*. at 286 (quotation omitted). Exercising personal jurisdiction over the Kansas Defendant would violate their due process rights and "offend 'traditional notions of fair play and substantial justice.'" *Id*. at 283 (*quoting International Shoe Co.*, 326 U.S. at 316). Dismissal of the Kansas Defendants from this action for lack of personal jurisdiction is proper.

## 2. Plaintiffs' claims against the Kansas Defendants are barred by the Eleventh Amendment.

Plaintiffs' claims are asserted against the Kansas Defendants in their official capacities. ECF No. 24 ¶ 61; ECF No. 24-3 at 4. The Eleventh Amendment bars these claims.[3]

"The Eleventh Amendment's admonition is jurisdictional in nature." *United States v. Texas Tech Univ.*, 171 F.3d 279, 285 (5th Cir. 1999). It provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

---

[3] Lack of constitutional standing is another subject matter jurisdictional problem for Plaintiffs. We do not ask the Court address that problem in this motion. *Compare, Calderon v. Ashmus*, 523 U.S. 740, 745 (1998) (addressed standing before the Eleventh Amendment). Others have raised the issue in their motions.

In any event, with the possible exception of a First Amendment freedom of speech claim, Plaintiffs merely assert a "generalized grievance" stemming from an attempt to have the Government act in accordance with their view of the law. This does not satisfy Article III's demand for a "concrete and particularized" injury, *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013), as other courts have recently noted in rejecting comparable election challenges. *See Wood v. Raffensperger,* 981 F.3d 1307, 1314-15 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 1379 (2021); *Bognet v. Sec'y Commonwealth of Pennsylvania*, 980 F.3d 336, 348 (3d Cir. 2020), *cert. granted, judgment vacated as moot sub nom. Bognet v. Degraffenreid*, No. 20-740, 2021 WL 1520777 (U.S. Apr. 19, 2021); *O'Rourke v. Dominion Voting Sys. Inc.*, No. 20-CV-03747-NRN, 2021 WL 1662742, at *5-9 (D. Colo. Apr. 28, 2021); *Iowa Voter Alliance v. Black Hawk County*, C20-2078-LTS, 2021 WL 276700, at *7 (N.D. Iowa Jan. 27, 2021); *Wisconsin Voters All. v. Pence*, No. CV 20-3791, 2021 WL 23298, at *2 (D.D.C. Jan. 4, 2021); *Bowyer v. Ducey*, No. CV-20-02321-PHX-DJH, 2020 WL 7238261, at *5 (D. Ariz. Dec. 9, 2020); *Donald J. Trump for President, Inc. v. Boockvar*, 493 F.Supp.3d 331, 376-81 (W.D. Pa. 2020); *Donald J. Trump for President, Inc. v. Cegavske*, 488 F. Supp. 3d 993, 1000 (D. Nev. 2020); *Feehan v. Wisconsin Elections Commission*, No. 20-cv-1771, 2020 WL 7250219, at *9 (E.D. Wis. Dec. 9, 2020); *King v. Whitmer*, No. 20-13134, 2020 WL 7134198, at *9-10 (E.D. Mich. 2020); *Moore v. Circosta*, 494 F.Supp.3d 289, 310-14 (M.D.N.C. Oct. 14, 2020); *Texas Voters Alliance v. Dallas County*, 495 F.Supp.3d 441, 451-56 (E.D. Tex. 2020).

U.S. Const. amend. XI.

The Eleventh Amendment bars suit against a State or one of its agencies, departments or officials, absent a waiver by the State or a valid congressional override, when the State is the real party in interest. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). "Official capacity" claims against a state officer are included in the Eleventh Amendment's bar because claims against public officials in their official capacities are merely another way of pleading an action against the entity of which the officer is an agent. *Id.* at 165.

While an exception to Eleventh Amendment immunity exists under *Ex parte Young*, 209 U.S. 123 (1908), it is limited to suits against state officers for prospective injunctive relief. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n. 24 (1997). "A federal court cannot award retrospective relief, designed to remedy past violations of federal law." *Id.*; *Simmons v. Smith*, 774 F. App'x 228, 229 (5th Cir. 2019) (*quoting Papasan v. Allain*, 478 U.S. 265, 278, 106 S. Ct. 2932 (1986) (stating the *Ex parte Young* exception does not apply when a plaintiff seeks relief for "a past violation of federal law.").[4] Even then, to be sued under *Ex*

---

[4] What qualifies as prospective? Merely requesting injunctive or declaratory relief is not enough; sovereign immunity does not turn entirely on the relief sought. *Green Valley Special Util. Dist. v. City of Schertz, Texas*, 969 F.3d 460, 471 (5th Cir. 2020). The *Green Valley* court explained: "'In discerning on which side of th[at] line a particular case falls, we look to the substance rather than to the form of the relief sought and will be guided by the policies underlying ... *Young.*' *Papasan v. Allain*, 478 U.S. 265, 279 [ ] (1986) (citation omitted). 'Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law[,] ... [b]ut compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment.' *Green v. Mansour*, 474 U.S. 64, 68 [ ] (1985)."

*parte Young*, the state official must "have 'some connection' to the state law's enforcement and threaten to exercise that authority." *Texas Democratic Party v. Hughs*, 997 F.3d 288 (5th Cir. 2021) (*citing Air Evac EMS, Inc. v. Tex. Dep't of Ins.*, 851 F.3d 507, 517 (5th Cir. 2017), *quoting Ex parte Young*, 209 U.S. at 157.)

Presuming Plaintiffs' claims are not only retrospective in nature, Plaintiffs allege no facts that, if presumed true, establish the Kansas Governor and Secretary of State have some connection with the enforcement of a law or policy of Kansas that allegedly unconstitutionally causes them prospective injury. In fact, Plaintiffs have not identified an alleged ongoing unconstitutional Kansas law or policy.

Accordingly, failing to show the Kansas Defendants have the required connection for application of the *Ex Parte Young* exception; their claims should be dismissed against the Kansas Defendants.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

s/ Arthur S. Chalmers
Arthur S. Chalmers, KS S. Ct. #11088, *pro hac vice*
Assistant Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612
Ph: (785) 368-8426
Fax: (785) 291-3707
Email: art.chalmers@ag.ks.gov
*Attorneys for Defendants Gov. Kelly and Secretary Schwab*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June 2021, I electronically filed the foregoing with the Clerk by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/ Arthur S. Chalmers