UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISON

| | | |
|---|---|---|
| JENNILYN SALINAS, LINDSEY NGUYEN, DEANNA LORRAINE, et al. | § § § § | |
| Plaintiffs. | § § | |
| v. | § § | CIVIL ACTION NO. 6:21-CV-162 |
| NANCY PELOSI, MITCH McCONNELL, CHUCK SCHUMER, MARK ZUCKERBERG, et al. | § § § § § | |
| Defendants. | § | JURY TRIAL REQUESTED |

## PLAINTIFFS' MOTION TO EXTEND DEADLINES

COME NOW, Jennilyn Salinas, Lindsey Nguyen, Deanna Lorraine, "P.P.," "D.D.," "T.M.," "S.M.," and "M.L." (collectively, "Plaintiffs"), by and through their attorney, Paul M. Davis, to bring this Motion to Extend All Current Deadlines in case and respectfully represent the following:

## I.
## RELIEF REQUESTED

1. For good cause and not for delay according to the reasons set forth below, Plaintiffs request an extension of all current deadlines in this case by 90 days from the filing of this Motion. For the reasons set forth herein, Plaintiffs decided not to oppose the Motion to Strike the Second Amended Complaint (Doc. No. 157). Instead, due to unforeseen and severe setbacks related to their resources and evidence caused by a saboteur on their own team, which Plaintiffs describe below, Plaintiffs have dismissed the vast majority of nonresident Defendants and now request a 90-day

pause in proceedings to recover from these setbacks during which they intend to file a motion for leave to file a second amended complaint commensurate with the state of Plaintiffs' resources and supporting evidence and more specifically directed toward the remaining Defendants in the case.

2. Specifically, Plaintiffs request the following relief:

   a) Plaintiffs' deadline to respond to the Motion to Dismiss (Doc. No. 148) filed by the DSCC/DCCC is extended to September 23, 2021.

   b) Prior to September 23, 2020, Plaintiffs shall file a motion for leave to file a second amended complaint.

   c) If the motion for leave to file a second amended complaint is granted, Defendants named therein who have been served with the First Amended Complaint (Doc. No. 24), shall have 30 days to respond to the same counting from the day that the motion for leave is granted, unless the Defendant is an officer of the United States, in which case that Defendant shall have 60 days to respond to the second amended complaint from the date that the motion for leave is granted.

   d) For all Defendants who have not yet responded to the First Amended Complaint, their deadline to respond shall be extended to September 23, 2021.

   e) Plaintiffs' deadline to complete service for any Defendant who has not been served or for whom service was in any way defective shall be extended to July 31, 2021.

## II.
## BACKGROUND

3. Plaintiffs brought this case in good faith to put an end to the pervasive political corruption that resulted in a catastrophic and purposeful breach of integrity in the 2020 federal elections that deprived millions of Americans of their civil rights related to voting. This corruption will only continue to metastasize into future

election cycles unless common citizens like Plaintiffs stand up for the right of the people to free and fair elections to federal office.

4. Unfortunately, Plaintiffs have suffered severe setbacks in this case over the last few weeks as the result of a bad actor and saboteur in their own camp. Plaintiffs and counsel were assured many times over that financial resources and a cadre of co-counsel and legal staff were on the verge of being provided to give Plaintiffs the ability to litigate their claims against the vast array of Defendants in this case. Unfortunately, these assurances turned out to be empty promises.

5. To make matters worse, the same individual responsible for leading Plaintiffs on in regard to resources was also responsible for managing, reviewing, and summarizing much of the evidence being presented to Plaintiffs' counsel from various witnesses to support many of the factual allegations in Plaintiffs' pleadings. This individual has now parted ways with Plaintiffs' legal team after being confronted on various suspected deceptions and is now refusing to turn over evidence that was in his possession and that supports many of Plaintiffs' claims in their pleadings.

6. Not only is he refusing to turn the evidence over, but this individual has now indicated he is going to destroy much of the evidence. *See* Exhibit A (email threatening to destroy evidence). Accordingly, Plaintiffs put him on notice they are serving him with a subpoena to produce the evidence in his possession so that Plaintiffs can verify the authenticity and veracity of the information and evidence to determine which factual allegations they can reasonably expect to support before proceeding further.

7.      While waiting for the falsely assured funding, co-counsel, and additional staff to be provided, Plaintiffs have already worked very hard to raise money at the grassroots level to accomplish the extraordinary task of serving the numerous Defendants in this case to accomplish their goal of ending political corruption and restoring the republic envisioned and guaranteed in the Constitution.

8.      Obviously, this situation puts Plaintiffs in a quandary.  Plaintiffs are currently without the resources to move this case forward any further without additional time to secure alternative funding sources and hire more staff and co-counsel.  Plaintiffs' counsel has now worked on this case since January without any compensation and cannot afford to do for more than a few more weeks.  At the same time, Plaintiffs and counsel still very much believe in the general merits of their case and do not wish to waste the hard-earned donations from their grassroots supporters, which they used to achieve service of the Defendants.

9.      Furthermore, while Plaintiffs filed the additional allegations contained in the Second Amended Complaint in good faith based on the documents and information received from witnesses as presented by their former staffer, that evidence is no longer in Plaintiffs' possession.  Thus, Plaintiffs need time to recover this evidence and confirm it supports the factual allegations provided by the former member of their team before moving forward.

10.     Accordingly, Plaintiffs did not oppose the Motion to Strike (Doc. No. 157) filed by Defendants Raffensperger and Kemp.  Instead, Plaintiffs request additional time to clean up the mess left by their former staff member to evaluate which claims

and which Defendants they can reasonably keep in this case and to garner resources to litigate. If Plaintiffs determine they need to amend their pleadings, they will file a motion for leave prior to September 23, 2021.

11. Regarding, their responses to the Motion to Dismiss (Doc. No. 148) filed by the DSCC and DCCC, Plaintiffs wish to rely on many of the factual allegations in their Second Amended Complaint. But, of course, Plaintiffs now need to time to determine which of these allegations they can reasonably expect to support in a putative amended complaint depending on how the effort to recover their lost evidence plays out.

12. Plaintiffs do not wish to prejudice any Defendants by requiring them to continue to respond to a lawsuit for which Plaintiffs now lack practical means to litigate. Accordingly, Plaintiffs request an extension of all deadlines described herein in order to avoid wasting the donations they collected to achieve service on the Defendants. Plaintiffs urge the Court to give them a chance to recover from this unforeseen setback to reorganize this case into something manageable and commensurate with the state of their evidence and resources.

### III.
### ARGUMENT AND AUTHORITY

13. If the party asks for additional time before the deadline expires, the party should show good cause. Fed. R. Civ. P. 6(b)(1)(A); *Tindall v. First Solar Inc.*, 892 F.3d 1043, 1048 (9th Cir.2018); *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016). Good cause is a non-rigorous standard that has been construed broadly. *E.g., Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259–60 (9th Cir.2010) (court

improperly denied motion to extend when requested relief was reasonable and justified and would not result in prejudice to any party). In addition, Rule 4(m) provides, "[I]f the plaintiff shows good cause for failure to serve a defendant within 90 days after the complaint is filed, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

14. Here, good cause exists to extend the deadlines described because Plaintiffs raised funds from grassroots supporters to serve a massive amount of Defendants with process in order to achieve the good purpose of correcting a grievous injustice whereby the integrity of the 2020 elections was breached by pervasive violations of federal election integrity laws designed to protect the civil rights of Plaintiffs and putative class members.

15. Plaintiffs received assurances from a well-connected member of their team who has a history of raising capital for large projects that Plaintiffs would receive the necessary funding for litigation costs and would be able hire a team of co-counsel and staff to manage this litigation. These guarantees turned out to be false promises, so now Plaintiffs need time to secure alternative funding sources and hire additional attorneys. Plaintiffs do not currently have funds available to compensate undersigned counsel, so counsel will need to time to find another means of income while Plaintiffs focus on fundraising and hiring co-counsel.

16. In addition, this team member was Plaintiffs' liason to many witnesses who contributed evidence and testimony to support many of Plaintiffs' claims in this lawsuit. This team member has parted ways with Plaintiffs and is now refusing to

turn over the evidence and witness contacts and threatening to destroy the same. Plaintiffs now need time to serve a subpoena on this individual to recover possession of the evidence and witness contacts needed to support their claims and to have a more trusted team member conduct a fresh review of this evidence before Plaintiffs move forward.

17. Defendants will not be unduly prejudiced by the extension of deadlines and Plaintiffs will have a reasonable chance to recover from this unforeseen setback.

WHEREFORE, Plaintiffs request that the Court grant this motion by extending ordering the following relief as reflected in the attached proposed order and all other relief to which they may be justly entitled:

a) Plaintiffs' deadline to respond to the Motion to Dismiss (Doc. No. 148) filed by the DSCC/DCCC is extended to September 23, 2021.

b) Prior to September 23, 2020, Plaintiffs shall file a motion for leave to file a second amended complaint.

c) If the motion for leave to file a second amended complaint is granted, Defendants named therein who have been served with the First Amended Complaint (Doc. No. 24), shall have 30 days to respond to the same counting from the day that the motion for leave is granted, unless the Defendant is an officer of the United States, in which case that Defendant shall have 60 days to respond to the second amended complaint from the date that the motion for leave is granted.

d) For all Defendants who have not yet responded to the First Amended Complaint, their deadline to respond shall be extended to September 23, 2021.

e) Plaintiffs' deadline to complete service for any Defendant who has not been served or for whom service was in any way defective shall be extended to July 31, 2021.

Respectfully submitted this June 29, 2021.

/s/ *Paul M. Davis*
Paul M. Davis
Texas Bar Number 24078401
paul@fireduptxlawyer.com
PAUL M. DAVIS & ASSOCIATES, P.C.
5720 Frisco Square Blvd., # 2066
Frisco, TX 75034
Phone: 469-850-2930

ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF CONFERENCE

I certify that I have conferenced on the foregoing Motion with all counsel for Defendants who have made an appearance in this case and who have not been voluntarily dismissed. Counsel for the Democratic Senatorial Campaign Committee and the Democratic Congressional Campaign Committee do not stipulate or agree with the factual statement contained in this Motion but are UNOPPOSED to the relief requested herein. Counsel for the remaining Defendants who are members of Congress is OPPOSED to the relief requested herein. Counsel for Mark Zuckerberg did not respond to the attempt to conference by email on June 24, 2021 and is presumed to be OPPOSED.

/s/ *Paul M. Davis*
Paul M. Davis

<u>CERTIFICATE OF SERVICE</u>

I certify that I have served the foregoing motion on all counsel of record who have made appearances in this action to date via the court's ECF notification system.

<u>/s/ *Paul M. Davis*      </u>
Paul M. Davis